S. AMANDA MARSHALL, OSB #953473
United States Attorney
District of Oregon
FRANK PAPAGNI, OSB #762788
ANNEMARIE SGARLATA, OSB #065061
Assistant United States Attorneys
405 E. 8th Ave., Suite 2400
Eugene, OR  97401
Telephone:  (541) 465-6771
Facsimile:   (541) 465-6917
frank.papagni@usdoj.gov
annemarie.sgarlata@usdoj.gov
Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 10-CR 60066-HO |
| Plaintiff, | UNITED STATES' MOTION TO STRIKE CERTAIN OVERT ACTS FROM COUNT 1 OF THE INDICTMENT AND AMEND CONSPIRACY COMMENCEMENT DATE |
| v. | |
| STEVEN DWIGHT HAMMOND, DWIGHT LINCOLN HAMMOND, JR. | Trial Date:  April 2, 2012 |
| Defendants. | |

      The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, and Frank R. Papagni, Jr. and AnneMarie Sgarlata, Assistant United States Attorneys, respectfully moves to strike from Count 1 of the Indictment, which charges "Conspiracy to Commit Arson," the following overt acts: 1, 1a., 2, 2a., 2b., 2c., 2d., 3, and 5.

      The government further moves to strike from Count 1 of the Indictment the first full paragraph on page 2, which precedes the heading, "II.  OBJECT OF THE CONSPIRACY."

UNITED STATES' MOTION TO STRIKE CERTAIN OVERT ACTS AND
AMEND CONSPIRACY COMMENCEMENT DATE                    Page 1

The government further moves to amend or narrow the dates of the conspiracy immediately following the heading, "II. OBJECT OF THE CONSPIRACY," from "Beginning in August 1982" to "Beginning on September 9, 1999 and continuing through August 2006".

### Grounds for Striking Overt Acts, Paragraph, and Amending Date

The government moves to strike overt acts that are not essential to the Conspiracy charged in Count 1. *See* Fed. Crim. Proc. Rule 7(c)(1)("[t]he indictment . . . must be a plain, concise, and definite written statement of essential facts constituting the offense charged . . ."). By striking these overt acts, defendants will be protected from allegations which may be prejudicial. Fed. R. Crim. P. 7(d). If these overt acts are stricken, then the first full paragraph which precedes the object of the conspiracy heading becomes surplusage and should be stricken. *See, United States v. Ramirez*, 710 F.2d 535, 544-45 (9th Cir. 1983).

An indictment may be amended or corrected if the change is merely "a matter of form" and not substance. *See Russell v. United States*, 369 U.S. 749, 770 (1962). The dates contained in an indictment may be amended if there is no prejudice to the defendant. *United States v. Akers*, 542 F.2d 770, 772 (9th Cir. 1976). A re-presentation to the grand jury is not necessary because the redacting narrows, not broadens, the conspiracy charge against them. *United States v. Miller*, 471 U.S. 130, 144 (1985).

**1982 – Steens Mountain Loop Fire – Count 1, Overt Acts 1 and 1a.**

On August 24, 1982, a fire burned approximately 240 acres of public land owned by the United States in the Blitzen River Wilderness Study Area, now known as the Steens Mountain Cooperative Management and Protections Area. The 1982 "Steen Mountain Loop" fire was believed to have been caused by a low flying jet. But, there is probable cause to believe, based in part on

Steven Hammond's admission to Joe Glascock on August 17, 2006, that Steven Hammond actually caused this fire. Nevertheless, the government moves to strike Overt Act 1 and 1a. of Count 1 because the government cannot prove beyond a reasonable doubt the location where an incendiary fire was set on the approximately 240 acres that were burned by this fire.

**1996 – Little Fir Fire – Count 1, Overt Acts 2, 2a., 2c., and 2d.**

On August 24, 1996, a fire burned approximately 80 acres of public land owned by the United States in the Bridge Creek Wildness Study Area, now known as the Steens Mountain Cooperative Management and Protections Area. The cause of the 1996 "Little Fir" fire was believed to be incendiary, or intentionally set. While physical evidence exists, such as vehicle tracks in the vicinity of the area of origin that match the tire tracks of Steven Hammond's vehicle, the government moves to strike Overt Acts 2, 2a., 2c., and 2d. of Count 1 because the government cannot prove beyond a reasonable doubt where an incendiary fire was set on the approximately 80 acres that were burned.

**1999 – Fir Creek/Bridge Creek Arson – Count 1, Overt Act 3**

On September 9, 1999, a fire was ignited on Hammond property, and burned approximately 217 acres of public land in the Bridge Creek Wildness Study Area, now known as the Steens Mountain Cooperative Management and Protections Area. On October 28, 1999, Defendant Steven Hammond admitted to BLM District Manager Thomas Dyer and Andrews Resource Area Field Manager, Miles Brown, in the presence of his co-defendant Dwight Hammond and his mother, that on September 9, 1999, he set fire(s) on Hammond property. Steven Hammond also indicated he did not believe there was any way to control the fire's behavior or where it would burn, and admitted that he did not take any action to prevent the fire from spreading onto public land.

Nevertheless, the government moves to strike Overt Act 3 of Count 1, which alleges the burning of this public land was "unlawful."

Because Defendants Dwight and Steven Hammond were not charged with fire trespass or arson at that time, but instead warned by District Ranger Thomas Dyer that "in the future" such trespass would lead to "legal action by the BLM," the government submits that the interests of justice require this overt act be stricken.  However, the government does not move to strike Overt Acts 3a. and 3b. of Count 1, because proof of those acts establish that, after receiving oral and written warnings not to allow fire(s) started on Hammond property to burn onto public lands, Dwight and Steven Hammond nevertheless conspired to commit arson.

**2005** – **Fir Creek Arson – Count 1, Overt Act 5**

On August 22, 2005 and August 23, 2005, a fire on public lands burned approximately 1,343 acres owned by the United States in the Fir Creek area of the Steens Mountain Cooperative Management and Protections Area. The "Fir Creek" fire was started by dry lightning.  There is reason to believe, based on Steven Hammond's admission to rancher Bill Otley that he ignited a second "clean up" fire.  Nevertheless, the government moves to strike Overt Act 3 of Count 1 because the government cannot prove beyond a reasonable doubt the location where an incendiary fire was set on the approximately 1,343 acres that were burned.

The government does not move to strike Overt Acts 5a., 5b. and 5c. of Count 1 because such evidence helps to prove that Defendants used lightning storms to cover up their acts of arson.  It also rebuts the credibility of potential alibi defense(s), and tends to negate the defense that lightning storms, spotting from existing fires, BLM employees and firefighters, or other accidental causes were responsible for the fires Defendants ignited in 2001 and 2006.

## CONCLUSION

Based on the foregoing, the Government respectfully moves the Court for an Order striking from Count 1 of the Indictment Overt Acts 1, 1a., 2, 2a., 2b., 2c., 2d., 3, and 5; striking the first full paragraph on page 2 of the Indictment preceding the heading, "II. OBJECT OF THE CONSPIRACY" and amending the date the conspiracy is alleged to have commenced to September 9, 1999.

DATED this 17th day of February 2012.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney


/s/ Frank R. Papagni, Jr.
FRANK R. PAPAGNI, JR.
Assistant United States Attorney

/s/ AnneMarie Sgarlata
ANNEMARIE SGARLATA
Assistant United States Attorney