**MARC D. BLACKMAN**, OSB No. 730338
E-mail: marc@ransomblackman.com
RANSOM BLACKMAN LLP
1400 Congress Center
1001 S.W. Fifth Avenue
Portland, OR 97204-1144
Telephone: [503] 228-0487
Facsimile: [503] 227-5984

    Of Attorneys for Defendant Dwight Lincoln Hammond, Jr.

**LAWRENCE H. MATASAR**, OSB No. 742092
E-mail: larry@pdxlaw.com
LAWRENCE MATASAR, P.C.
621 S.W. Morrison Street
Suite 1025
Portland, OR 97205
Telephone: [503] 222-9830
Facsimile: [503] 274-8575

    Of Attorneys for Defendant Steven Dwight Hammond

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**Eugene Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | Case No. 6:10-cr-60066-HO |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS' MOTION** |
| | ) | *IN LIMINE* **TO EXCLUDE** |
| v. | ) | **EVIDENCE OF ALLEGED** |
| | ) | **ASSAULT ON DUSTY** |
| **STEVEN DWIGHT HAMMOND, and** | ) | **HAMMOND** |
| **DWIGHT LINCOLN HAMMOND, JR.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Page 1 -   DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
            ALLEGED ASSAULT ON DUSTY HAMMOND

**RANSOM BLACKMAN LLP**
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Pursuant to Federal Rules of Evidence [FRE] 104, 401, 403, and 404(b), and the Fifth and Sixth Amendments to the United States Constitution, defendant Steven Dwight Hammond, by and through his attorneys Lawrence H. Matasar and Lawrence Matasar, P.C., and defendant Dwight Lincoln Hammond, Jr., by and through his attorneys Marc D. Blackman and Ransom Blackman LLP, move, *in limine,* to exclude evidence that the defendants allegedly sandpapered off initials Dusty Hammond tattooed on himself in 2004. This evidence is not relevant nor probative of any issue in dispute, meets none of the criteria of admissibility under FRE 404(b), and is inadmissible under FRE 403, because the danger of unfair prejudice substantially outweighs any conceivable probative value.

In support of this motion, the Court is respectfully referred to the Points and Authorities below.

Defendants request a pretrial hearing on this motion.

Defendants reserve the right to file a supplemental memorandum in support of this motion following the pretrial hearing.

Dated this 4th day of May, 2012.

                              Respectfully submitted,

RANSOM BLACKMAN LLP              LAWRENCE MATASAR, P.C.

*/s/ Marc D. Blackman*            */s/ Lawrence H. Matasar*
MARC D. BLACKMAN                  LAWRENCE H. MATASAR
OSB No. 730338                    OSB No. 742092
[503] 228-0487                    [503] 222-9830
Of Attorneys for Defendant        Of Attorneys for Defendant
Dwight Lincoln Hammond, Jr.       Steven Dwight Hammond

Page 2 -    DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
            ALLEGED ASSAULT ON DUSTY HAMMOND

**RANSOM BLACKMAN LLP**
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

## POINTS AND AUTHORITIES

## INTRODUCTION

The government has provided the Court with witness summaries of Dusty Hammond and Brian Needham indicating an intent to elicit testimony and perhaps offer other evidence that when Dusty Hammond was age 16 [2004], "Steven Hammond, in the presence of Dwight and Susan Hammond, sandpapered off of his chest a couple of initials he had tattooed on himself." The government offers no rationale for the admissibility of this evidence. There is none and it should be excluded.

## GROUNDS FOR EXCLUSION

**1.    The Evidence Is Not Admissible under FRE 404(B)**

FRE 404(b) provides, in relevant part:

> (1)    Prohibited Uses; Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2)    Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
>
>> (A)    provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>>
>> (B)    do so before trial–or during trial if the court, for good cause, excuses lack of pretrial notice.

//

Page 3  -    DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
                ALLEGED ASSAULT ON DUSTY HAMMOND

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

### A. The Notice of Intent to Offer Other Bad Act Evidence Regarding Dusty Hammond Is Untimely

Defendants requested notice of any "other bad act" evidence in their initial Motion for Discovery, filed on April 28, 2011. CR 18 at 3 of 33. The government gave no notice of any other bad act evidence in response to this motion. The first time the government advised the defendants had it intended to offer evidence that Steven Hammond assaulted Dusty Hammond in the presence of Dwight and Susan Hammond was on April 20, 2012, when they received the government's Third Trial Witness List. This notice is untimely, which is sufficient reason to exclude it. *See, e.g. United States v. Singleton*, 922 F.Supp. 1522 (D. Kan.1996) [government did not give defendant sufficient pretrial notice of its intent to use other crimes evidence, where government indicated it might offer prior and subsequent conduct that involved manufacture and distribution of counterfeit payroll checks or that related to false statements].

### B. The Proposed Evidence Is Character Evidence That Is Not Admissible under Any of the Exceptions of FRE 404(b)(2)

Defendants are being prosecuted for intentionally committing arsons on public lands. Whether they showed their disapproval of Dusty Hammond's tattooing himself by attempting to remove the tattoo with sandpaper has absolutely no relevance to that charge. On the contrary, it is pure character evidence that is inadmissible under FRE 404(b).

Evidence of prior bad acts is not admissible to show that the defendant has a bad character and is prone to criminal activity, but may be introduced to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. To prove that the evidence is offered for one of these reasons, the government must show that the evidence: (1) proves a material element of the current offense, (2) if

Page 4 -    DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
           ALLEGED ASSAULT ON DUSTY HAMMOND

**RANSOM BLACKMAN LLP**
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time. *United States v. Ramirez–Robles,* 386 F.3d 1234, 1242 (9th Cir. 2004). In this case, the proffered bad act evidence does not meet the first requirement. As the Ninth Circuit noted in *United States v Derington*, 229 F.3d 1243, 1247 (9th Cir. 2000) in reversing a conviction for theft of government property [timber taken from public land in excess of authorization] because the trial court allowed evidence that the defendant had over-cut timber as a contract harvester for a private party:

> What Derington...object[ed] to was the evidence of his illegal cutting on Carver's property, a misdemeanor under state law. Cal.Pub.Res.Code § 4601, 4584 (1984); Cal.Code Regs. tit. 14, § 1038 (1990). The crime was distinct from the theft or depredation of federal property. Morally, it was similar–an assault on the environment and, specifically, on trees governmentally protected from being converted into lumber. Rule 404(b) permits evidence not only of crimes but of "wrongs or acts" to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." There is, no doubt, a fine line between evidence proving character (inadmissible) and evidence proving matters like intent or lack of mistake (admissible). Rule 404 requires the court to draw the line. Here after discussion, hesitation, and renewed argument, the district court admitted evidence of Derington's bad acts on Carver's property to show his intent on the federal land. The district court informed the jury that it could only consider that evidence "as it bears on the defendant's intent, knowledge, absence of mistake, or accident and for no other purpose." Intent to violate a state regulation, however, is not the same as intent to steal or destroy. The evidence was not admissible to prove intent as it related to Derington's defense. *See United States v. Garcia–Orozco,* 997 F.2d 1302, 1304 (9th Cir. 1991). *United States v. Derington*, 229 F.3d at 1247.

*See also United States v. Mendoza-Prado*, 314 F.3d 1099 (C.A.9 (Cal.) 2002) [admission of evidence of defendant's prior bad acts of theft, extortion, and escape was not warranted to

Page 5 -    DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
            ALLEGED ASSAULT ON DUSTY HAMMOND

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

prove defendant's predisposition to commit charged narcotics trafficking offenses even when defendant asserted entrapment defense; acts of theft, extortion, and escape were not sufficiently similar to the charged offenses to show defendant's propensity to commit them].

The evidence of defendants' treatment of Dusty Hammond is less relevant to the offenses of which they are accused than the "other bad act" evidence found inadmissible in *Derington* and *Mendoza-Prado* and must be excluded.

**2.   The Evidence Is Not Admissible under FRE 403**

FRE 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Even assuming the evidence regarding the defendants' response to Dusty Hammond's self-tattooing met the criteria for admissibility under FRE 404(b), it would be inadmissible under this rule for at least the following two reasons.

**A.   Its Probative Value Is Substantially Outweighed Unfair Prejudice**

Evidence that Steven Hammond sandpapered off tattoos and/or that Dwight Hammond countenanced that action has no probative value to whether the defendants committed the crimes charged in the indictment. It has little probative value to Dusty Hammond's credibility, which itself is unlikely to be an issue at trial: his summarized testimony does not differ in any material way from what has been known since the day of

Page 6 -   DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
ALLEGED ASSAULT ON DUSTY HAMMOND

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

the fire–that Steven Hammond called BLM in advance of burning off undesirable vegetation on Hammond private land, was told there was no prohibition on burning, and that the fire got modestly out of control, spreading to about 128 acres of public land.

Conversely, evidence that Steven Hammond sandpapered off tattoos and/or that Dwight Hammond countenanced that action has great potential for unfair prejudice. A jury would likely be very disturbed by this evidence.

When prior bad act evidence has minimal probative value, but substantial potential for unfair prejudice, it should be excluded. *United States v. Bettencourt,* 614 F.2d 214, 218 (9th Cir. 1980); *United States v. Ramirez–Robles,* 386 F.3d 1234, 1242 (9th Cir. 2004). That is the case here. *See United States v. Hill,* 953 F.2d 452, 457 (9th Cir. 1991) [convictions for conspiracy to distribute cocaine and attempted possession of cocaine reversed due to erroneous admission of evidence that five years earlier defendant used cocaine with witness]; *United States v. Brown,* 880 F.2d 1012, 1014 (9th Cir. 1989) [convictions for first degree murder and use of firearm during felony reversed due to erroneous admission of evidence of two prior acts involving firearms]; *State v. Elmer*, 815 F.Supp. 319 (D. Ariz. 1993) [testimony of border patrol agent's alleged diversion and use of interdicted drugs was not admissible in prosecution for alleged unjustified firing of shots at illegal aliens, even though the evidence was marginally relevant to establish motive].

//

Page 7 -    DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
            ALLEGED ASSAULT ON DUSTY HAMMOND

**RANSOM BLACKMAN LLP**
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

### B. Its Probative Value Is Substantially Outweighed by a Danger of Confusing the Issues, Undue Delay, and Wasting Time

Were the government allowed to present evidence that Steven Hammond sandpapered off tattoos and/or that Dwight Hammond countenanced that action, the defense would be entitled to present evidence regarding the context of this event, which would include: (1) Dusty's biological mother's decision that she was unable or unwilling to care for and supervise him; (2) her transfer of Dusty to Dwight and Susan Hammond in late 1999 or early 2000; (3) Dusty's on-going mental health issues while residing with the Hammonds until 2006; (4) Dusty's behavioral problems during that time; (5) Dusty's escalating/accelerating behavioral problems in 2006; and (6) the rights and duties of "persons entrusted with the care and supervision of a minor....to use reasonable physical force...when and to the extent the person reasonably believes it necessary to maintain discipline or to promote the welfare of the minor" under ORS 161.205(1).

Permitting the government to offer the evidence regarding Dusty's discipline in this instance would therefore result in precisely the kind of confusion of the issues, undue delay, and waste of time that FRE 403 is designed to avoid. *See United States v. Espinoza-Baza*, 647 F.3d 1182, 1190 (9th Cir. 2011) ["Under our precedent, even 'a small risk of misleading the jury 'substantially outweighs the probative value of minimally probative evidence. [*United States v.*] *Hitt,* 981 F.2d at 424; *cf. United States v. Gonzalez–Flores,* 418 F.3d 1093, 1098-99 (9th Cir. 2005) (evidence presenting even a 'modest likelihood of

//

Page 8 -   DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
ALLEGED ASSAULT ON DUSTY HAMMOND

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

unfair prejudice' is 'high enough to outweigh the...probative value' of marginally relevant evidence)."].

## CONCLUSION

For each of the reasons set forth above, the Court should exclude evidence that the defendants allegedly sandpapered off initials Dusty Hammond tattooed on himself in 2004.

Dated this 4th day of May, 2012.

Respectfully submitted,

| RANSOM BLACKMAN LLP | LAWRENCE MATASAR, P.C. |
|---|---|
| */s/ Marc D. Blackman* | */s/ Lawrence H. Matasar* |
| MARC D. BLACKMAN | LAWRENCE H. MATASAR |
| OSB No. 730338 | OSB No. 742092 |
| [503] 228-0487 | [503] 222-9830 |
| Of Attorneys for Defendant | Of Attorneys for Defendant |
| Dwight Lincoln Hammond, Jr. | Steven Dwight Hammond |

Page 9 -    DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
ALLEGED ASSAULT ON DUSTY HAMMOND

**RANSOM BLACKMAN LLP**
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ALLEGED ASSAULT ON DUSTY HAMMOND on the following attorneys:

>   Frank R. Papagni, Jr.
>   Assistant United States Attorney
>   United States Attorney's Office
>   405 East 8th Avenue
>   Suite 2400
>   Eugene, OR 97401
>
>   AnneMarie Sgarlata
>   Assistant United States Attorney
>   United States Attorney's Office
>   1000 S.W. Third Avenue
>   Suite 600
>   Portland, OR 97204

by electronic transmission on the 4th day of May, 2012.

>   RANSOM BLACKMAN LLP
>
>   */s/ Marc D. Blackman*
>   MARC D. BLACKMAN
>   OSB No. 730338
>   [503] 228-0487
>   Of Attorneys for Defendant
>   Dwight Lincoln Hammond, Jr.

CERTIFICATE OF SERVICE

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984