FILED 17 MAY '12 12:24 USDC-ORE

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 6:10-CR-60066-HO |
| v. | SUPERSEDING INDICTMENT |
| STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND JR., | [18 U.S.C. §§ 2, 844(f)(1) and (2), 844(h)(1), 844(i), 844(m), 844(n), 1361, 1512(b)(3)] |
| Defendants. | |

THE GRAND JURY CHARGES:

COUNT 1

CONSPIRACY

I.  INTRODUCTION

During all times relevant to this count, Defendant DWIGHT LINCOLN HAMMOND, JR. his wife and their son, defendant STEVEN DWIGHT HAMMOND, owned and operated Hammond Ranches, Inc. (HRI), a cattle ranch near the eastern Oregon community of Diamond. Defendant DWIGHT LINCOLN HAMMOND, JR. was President of HRI and defendant STEVEN DWIGHT HAMMOND was Vice-President and lived on the ranch with his parents.

HRI owned private grazing land and leased other private and public lands. HRI purchased a permit which authorized HRI cattle to graze on property owned and possessed by the United States, and the United States Department of the Interior's (DOI), Bureau of Land Management (BLM) located in the Burns District.

**SUPERSEDING INDICTMENT**           **Page 1**

During all times relevant to this count, the Burns District BLM had a prescribed burn program which used fire for habitat improvement, ecosystem restoration and maintenance, and reduction of hazardous fuels. Private owners' participation in the program was voluntary. Many private landowners had prescribed burn plan agreements with the Burns District BLM to cooperatively control the conversion of shrub and grasslands to juniper woodland on private and public lands in the Steens Mountain area.

Burns District BLM would not conduct a prescribed burn unless the burn plan complied with the National Environmental Policy Act, supported the Burns District BLM Resource Management Plan, accounted for the safety of the public and firefighters, and containment of fire to the areas identified for treatment.

BLM paid most of the cost of preparing and implementing a prescribed burn agreement. When BLM conducted a prescribed burn, it assumed all liability for the burning.

During all times relevant to this count, the Burns District BLM did not have a prescribed burn plan agreement with HRI and defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR.

## II.   OBJECTS OF THE CONSPIRACY

Beginning at a date unknown to the grand jury but no later than September 9, 1999, and continuing through August 24, 2006, in the District of Oregon, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. and other persons known and unknown to the Grand Jury, knowingly and willfully combined, conspired and agreed to commit the following offenses against the United States:

1. by means of fire(s), intentionally and maliciously damage and destroy, or attempt to damage and destroy, vehicles and real or personal property, in whole or in part, owned or possessed by, or leased to, the United States or any department or agency thereof; and

as a result of such conduct, directly and proximately created a substantial risk of injury to people including but not limited to BLM employees and firefighters Chad Rott, Lisa Megargee, Lance Okeson and Joe Glascock, in violation of Title 18, United States Code, Sections 844(f)(1) and (2), and 844(n);

2. by use of fire(s), commit a felony which may be prosecuted in a court of the United States, to wit: the willful damage and depredation or attempted damage and depredation in excess of $1,000, against property owned and possessed by the United States or any department or agency thereof, in violation of Title 18, United States Code, Sections 844(h)(1), 844(m) and 1361; and

3. by means of fire(s), intentionally and maliciously damage and destroy, or attempt to damage and destroy, real or personal property used in interstate commerce or in any activity affecting interstate commerce, in violation of Title 18, United States Code, Sections 844(i) and 844(n).

### III. MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished in the following manner by the defendants and others at various times during the course of the conspiracy:

\\\

\\\

1. Without a prescribed burn plan agreement with the BLM, the defendants and others at the defendants' direction, started and set fires on or near real and personal property owned and possessed by the United States and its departments and agencies;

2. Without providing prior notification and receiving authorization from private landowner or persons engaged in activities affecting interstate commerce, the defendants and others at the defendants' direction, started and set fires on or near real and personal property used in interstate commerce and in activities affecting interstate commerce;

3. The defendants conducted aerial surveillance of sites on United States property that they targeted to illegally burn, and burned;

4. The defendants and others traveled over United States property to the sites they targeted to illegally burn, and burned;

5. The defendants and others started and set fire to vegetation at or near sites they targeted to illegally burn;

6. The defendants and others at the defendants' direction, used fire to willfully and maliciously damage and destroy, and attempt to damage and destroy, vehicles and other real and personal property owned and possessed by the United States and its departments and agencies;

7. The defendants and others at the defendants' direction, used fire to maliciously damage and destroy, and attempt to damage and destroy, vehicles and other real and personal property used in interstate commerce and in activities affecting interstate commerce;

8. The defendants started and used fire to oppose, impede, interfere, threaten and intimidate BLM employees and firefighters while they were employed in, engaged in, or

performing their official duties of suppressing fires burning on property owned by the United States and its departments and agencies; and,

9.      The defendants obliterated, destroyed or secreted evidence of their criminal activities.

## IV.    OVERT ACTS

In order to carry out the objects of the conspiracy, defendants and others committed various overt acts within Harney County in the District of Oregon and elsewhere, including but not limited to the following:

### 1999

1.      On or about September 9, 1999, defendant STEVEN DWIGHT HAMMOND made a telephone call to BLM Burns Interagency Communication Center (BICC) and informed a BLM employee of his intentions to burn on HRI lands in and near the Fir Creek and Bridge Creek area of Harney County, Oregon.

2.      On or about September 9, 1999, defendant STEVEN DWIGHT HAMMOND started a fire on HRI property which burned onto and caused damage and destruction to property owned and possessed by the United States, the DOI and BLM located in the Bridge Creek Wilderness Study Area now known as the Steens Mountain Cooperative Management and Protection Area.

3.      On or about October 28, 1999, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. met with BLM District Manager Thomas Dyer and were informed that in the future, fires set by them on HRI property which were allowed to burn onto

**SUPERSEDING INDICTMENT**                                                                                      **Page 5**

property of the United States without having a prescribed burn plan agreement with the BLM, would be treated as a fire trespass and would result in legal action.

## 2001

4.     On or about Sunday, September 30, 2001, defendant DWIGHT LINCOLN HAMMOND, JR. contacted Gordon Choate, a hunting guide hired by Dennis Nelson, a resident of Utah, for his son Dustin Nelson, a resident of Utah, on property owned and possessed by the United States, the DOI and BLM located in the Steens Mountain Cooperative Management and Protection Area in Harney County, Oregon.

5.     On or about September 30, 2001, defendant DWIGHT LINCOLN HAMMOND JR., asked Gordon Choate where his camp was located.

6.     On or about September 30, 2001, defendant STEVEN DWIGHT HAMMOND was on property owned and possessed by the United States, the DOI and BLM near Bridge Creek Road when he shot into a group of deer.

7.     On or about September 30, 2001, after several deer were shot, defendant STEVEN DWIGHT HAMMOND attempted to hide from the view of Gordon Choate, Dennis and Dustin Nelson.

8.     On or about September 30, 2001, at approximately 10:00 am, defendant STEVEN DWIGHT HAMMOND, in the presence of defendant DWIGHT LINCOLN HAMMOND, JR., handed out matches to persons known to the grand jury and directed them to use the matches to start and set multiple fires on the HRI's "schoolhouse section" of property near property owned and possessed by the United States, the DOI and BLM.

9. On or about September 30, 2001, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR., and had others known and unknown to the grand jury, started and set fires which damaged and destroyed property owned and possessed by the United States, the DOI and BLM located approximately eight to ten miles east of Frenchglen, Oregon, near or in the Hardie-Hammond grazing allotment, within the Steens Mountain Cooperative Management and Protection Area, in Harney County, Oregon.

10. On or about September 30, 2001, approximately two hours after defendants STEVEN DWIGHT HAMMOND, DWIGHT LINCOLN HAMMOND, JR. and others at the defendants' direction had started and set fires near property owned and possessed by the United States, defendant STEVEN DWIGHT HAMMOND made a telephone call to the BLM BICC dispatcher, asking if there was a reason he could not do a controlled burn, and when advised there was not, defendant STEVEN DWIGHT HAMMOND informed the dispatcher that there might be something eight to ten miles east of Frenchglen, Oregon.

11. On or about September 30, 2001, several hours after defendant STEVEN DWIGHT HAMMOND had called the BLM BICC dispatcher, defendant DWIGHT LINCOLN HAMMOND, JR. flew his Piper Super Cub aircraft above Gordon Choate's camp, located near Bridge Creek Road.

### 2005

12. On or about August 23, 2005, defendant STEVEN DWIGHT HAMMOND denied permission for BLM fire suppression personnel and equipment to cross Hammond private property to gain access to fires that were burning on property owned and possessed by the United States.

**SUPERSEDING INDICTMENT**                                                                                                   **Page 7**

13. On or between August 23, 2005 and August 30, 2005, defendant STEVEN DWIGHT HAMMOND started a fire on property near or along the fence line which burned onto private property owned by William, "Bill," Otley of Diamond Ranches, Inc..

14. On or about August 30, 2005, defendant STEVEN DWIGHT HAMMOND made a telephone call to BLM employee Karla Bird to inform her that he did not want so much as a firefighter's footprint on HRI property.

## 2006

15. In July or August 2006, defendant STEVEN DWIGHT HAMMOND met with Harney County Sheriff David Glerup to ask if he could file a complaint against BLM firefighters if he caught them trespassing on HRI land.

16. On or about August 4, 2006, defendant STEVEN DWIGHT HAMMOND made a telephone call to BLM employee Karla Bird to inform her that the BLM's scheduled prescribed burn of public land leased to HRI was not soon enough to suit him.

17. On or about August 17, 2006, defendant STEVEN DWIGHT HAMMOND informed BLM employee Joe Glascock the next time there was dry lightning in the Bridge Creek area not to be surprised if there was a fire.

18. On or about August 22, 2006, after the fires caused the previous day by lightning were inactive, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. were moving cattle in and near the burned area of Lower Bridge Creek, property owned and possessed by the United States.

\\\

\\\

19. On or about August 22, 2006, at approximately 10:30 am, defendant DWIGHT LINCOLN HAMMOND, JR. told BLM employee Joe Glascock that it was too bad the fire wasn't bigger.

20. On or about August 22, 2006, at approximately 11:00 am, defendant DWIGHT LINCOLN HAMMOND, JR. started and set multiple fires on property owned and possessed by the United States, the DOI, United States Fish and Wildlife Service (USFWS) and BLM in the Lower Bridge Creek area, near the area burned by the fires ignited by lighting on August 21, 2006, within the Malheur National Wildlife Refuge and Steens Mountain Cooperative Management and Protection Area, in Harney County, Oregon.

21. On or about August 22, 2006, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. started and set fires which damaged more than $1,000 of real and personal property located in the Lower Bridge Creek area that was owned and possessed by the United States, the DOI, USFWS and BLM located in the Malheur National Wildlife Refuge and the Steens Mountain Cooperative Management and Protection Area, in Harney County, Oregon.

22. On or about August 22, 2006, at approximately 8:00 pm, with defendant STEVEN DWIGHT HAMMOND as his passenger, defendant DWIGHT LINCOLN HAMMOND, JR. flew his Piper Super Cub aircraft above BLM employees and firefighters, Lance Okeson and Joe Glascock, near Antelope Reservoir.

23. On or about August 22, 2006, without notifying BLM employees and firefighters, defendant STEVEN DWIGHT HAMMOND started and set a fire or fires near Krumbo Butte, which burned property owned by the United States, the DOI, USFWS and BLM, near where

BLM employees and firefighters including but not limited to Brett Dunten and Ryan Hussey, were involved in fire suppression activities.

24. On or about August 22, 2006, defendant STEVEN DWIGHT HAMMOND started and set a fire or fires, which damaged more than $1,000 of real and personal property owned and possessed by the United States, the DOI, USFWS and BLM located near Krumbo Butte in the Malheur National Wildlife Refuge and the Steens Mountain Cooperative Management and Protection Area, in Harney County, Oregon.

25. On or about August 23, 2006, defendant DWIGHT LINCOLN HAMMOND, JR. and defendant STEVEN DWIGHT HAMMOND started, ignited and set a series of fires behind and in front of BLM employees and firefighters Chad Rott and Lisa Megargee on or near Bridge Creek Road, property owned and possessed by the United States, the DOI and BLM.

26. On or about August 23, 2006, at approximately 9:00 am, defendant STEVEN DWIGHT HAMMOND with defendant DWIGHT LINCOLN HAMMOND, JR. as his passenger, drove his pickup truck off of Bridge Creek Road, up a hillside and around a BLM fire engine and BLM employees and firefighters Chad Rott and Lisa Megargee.

27. On or about August 23, 2006, after driving around BLM employees and firefighters Chad Rott and Lisa Megargee, defendant STEVEN DWIGHT HAMMOND stopped the pickup truck he was driving to allow defendant DWIGHT LINCOLN HAMMOND, JR. to get out of the pickup truck so he could start a series of fires along or near Bridge Creek Road.

28. On or about August 23, 2006, at approximately 10:00 am, without providing prior notification to BLM employees and firefighters, Chad Rott and Lisa Megargee, defendant DWIGHT LINCOLN HAMMOND, JR. started, ignited and set multiple fires along or near the

**SUPERSEDING INDICTMENT**                                                                                           Page 10

Bridge Creek Road, property owned and possessed by the United States, the DOI and BLM, located in Steens Mountain Cooperative Management and Protection Area, in Harney County, Oregon.

29. On or about August 23, 2006, defendant STEVEN DWIGHT HAMMOND with defendant DWIGHT LINCOLN HAMMOND, JR. no longer a passenger, drove a pickup truck to the south end of Bridge Creek Road and met BLM employees and firefighters Lance Okeson and Joe Glascock, and when Lance Okeson informed him that he needed to notify BLM what he was doing because he could kill someone, defendant STEVEN DWIGHT HAMMOND told Lance Okeson that maybe you guys had just better clear out.

30. On or about August 23, 2006, at approximately 10:20 am, defendant DWIGHT LINCOLN HAMMOND, JR. started a fire in grass and vegetation near or beneath a juniper tree, then began walking west toward Bridge Creek Road.

31. On or about August 23, 2006, as defendant DWIGHT LINCOLN HAMMOND, JR. was walking west across Bridge Creek Road, he did not stop after being told to do so by BLM employee and firefighter, Lance Okeson.

32. On or about August 23, 2006, as defendant DWIGHT LINCOLN HAMMOND, JR. crossed Bridge Creek Road, he left a boot print impression in the soft soil.

33. On or about August 23, 2006, when defendant DWIGHT LINCOLN HAMMOND, JR. was confronted by BLM employees and firefighters Lance Okeson and Joe Glascock, he attempted to persuade them not to alert law enforcement officers.

\\\

\\\

**SUPERSEDING INDICTMENT**          Page 11

34. On or about August 23, 2006, shortly after defendant DWIGHT LINCOLN HAMMOND, JR. was allowed to leave, he started fires behind BLM employees and firefighters Lance Okeson and Joe Glascock.

35. On or about August 23, 2006, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. started and set fires which damaged and destroyed more than $1,000 of real and personal property owned and possessed by the United States, the DOI and BLM located in the Bridge Creek Road area of the Steens Mountain Cooperative Management and Protection Area in Harney County, Oregon.

36. On or about August 23, 2006, without prior notification and authorization from William "Bill" Otley or his agent, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. started and set fires on the east side of Bridge Creek Road which damaged or destroyed real and personal property owned by William "Bill" Otley of Diamond Ranches, Inc., which was being used in interstate commerce or in an activity affecting interstate commerce.

37. On or about August 24, 2006, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. obliterated and destroyed evidence of the boot print DWIGHT LINCOLN HAMMOND, JR. had made in the soft soil of Bridge Creek Road on August 23, 2006.

38. On or about August 24, 2006, at the Frenchglen Hotel, defendant STEVEN DWIGHT HAMMOND threatened BLM employee and firefighter Joe Glascock by stating in effect that if he wanted to be a part of the community, he would make this go away, and if not, then defendant STEVEN DWIGHT HAMMOND would claim Joe Glascock, and not defendants

STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. actually ignited the fires.

All of the above conduct violated Title 18, United States Code, Sections 844(m) and 844 (n).

## COUNT 2

## USE OF FIRE TO DAMAGE AND DESTROY PROPERTY OF THE UNITED STATES

### (2001 Hardie-Hammond Arson)

On or about September 30, 2001, in the District of Oregon, defendants STEVEN DWIGHT HAMMOND, DWIGHT LINCOLN HAMMOND, JR. and aided and abetted by other persons known and unknown to the grand jury, did intentionally and maliciously damage and destroy, or attempt to damage and destroy, by means of fire, real and personal property owned and possessed by the United States, or any department or agency thereof, to wit: the United States Department of Interior and Bureau of Land Management, located in Harney County, within and near the Hardie-Hammond grazing allotment in the Steens Mountain Cooperative Management and Protection Area;

All in violation of Title 18, United States Code, Sections 2 and 844(f)(1).

## COUNT 3

## USE OF FIRE TO DAMAGE AND DESTROY PROPERTY OF THE UNITED STATES

### (2006 Lower Bridge Creek Arson)

On or about August 22, 2006, in the District of Oregon, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. did intentionally and maliciously damage and destroy, or attempt to damage and destroy, by means of fire, real and personal

property owned and possessed by the United States or any department or agency thereof, to wit: the United States Department of Interior, United States Fish and Wildlife Service and Bureau of Land Management, located in Harney County, within and near the Lower Bridge Creek area in the Malheur National Wildlife Refuge and the Steens Mountain Cooperative Management and Protection Area;

All in violation of Title 18, United States Code, Sections 2 and 844(f)(1).

## COUNT 4

## USING FIRE TO CAUSE MORE THAN $1,000 OF DAMAGE AND DEPREDATION AGAINST PROPERTY OF THE UNITED STATES

### (2006 Lower Bridge Creek Arson)

On or about August 22, 2006, in the District of Oregon, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. intentionally used fire to commit a felony which may be prosecuted in a court of the United States, to wit: the willful damage and depredation, or attempted damage and depredation in excess of $1,000, against property owned and possessed by the United States, or any department or agency thereof, to wit: the United States Department of Interior, United States Fish and Wildlife Service and Bureau of Land Management, located in Harney County, within and near the Lower Bridge Creek area in the Malheur National Wildlife Refuge and the Steens Mountain Cooperative Management and Protection Area;

All in violation of Title 18, United States Code, Sections 2, 844(h)(1) and 1361.

\\\

\\\

## COUNT 5

## USE OF FIRE TO DAMAGE AND DESTROY PROPERTY OF THE UNITED STATES

### (2006 Krumbo Butte Arson)

On or about August 22, 2006, in the District of Oregon, defendant STEVEN DWIGHT HAMMOND did intentionally and maliciously damage and destroy, or attempt to damage and destroy, by means of fire, real and personal property owned and possessed by the United States or any department or agency thereof, to wit: the United States Department of Interior, United States Fish and Wildlife Service and Bureau of Land Management, located in Harney County, within and near Krumbo Butte in the Malheur National Wildlife Refuge and the Steens Mountain Cooperative Management and Protection Area;

All in violation of Title 18, United States Code, Sections 2 and 844(f)(1).

## COUNT 6

## USE OF FIRE TO CAUSE MORE THAN $1,000 OF DAMAGE AND DEPREDATION AGAINST PROPERTY OF THE UNITED STATES

### (2006 Krumbo Butte Arson)

On or about August 22, 2006, in the District of Oregon, defendant STEVEN DWIGHT HAMMOND intentionally used fire to commit a felony which may be prosecuted in a court of the United States, to wit: the willful damage and depredation, or attempted damage and depredation in excess of $1,000, against property owned and possessed by the United States, or any department or agency thereof, to wit: the United States Department of Interior, United States Fish and Wildlife Service and Bureau of Land Management, located in Harney County, within

and near Krumbo Butte in the Malheur National Wildlife Refuge and the Steens Mountain Cooperative Management and Protection Area;

All in violation of Title 18, United States Code, Sections 2, 844(h)(1) and 1361.

## COUNT 7

## USE OF FIRE TO DAMAGE AND DESTROY PROPERTY OF THE UNITED STATES AND CREATING A SUBSTANTIAL RISK OF INJURY TO ANY PERSON

### (2006 Grandad Arson)

On or about August 23, 2006, in the District of Oregon, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. did intentionally and maliciously damage and destroy, or attempt to damage and destroy, by means of fire, real and personal property owned and possessed by the United States, or any department or agency thereof, to wit: the United States Department of Interior, Bureau of Land Management, located in Harney County, along and near Bridge Creek Road in the Steens Mountain Cooperative Management and Protection Area; and

as a result of such conduct, directly and proximately created a substantial risk of injury to one or more persons including but not limited to BLM employees and firefighters, Chad Rott, Lisa Megargee, Lance Okeson and Joe Glascock;

All in violation of Title 18, United States Code, Sections 2, 844(f)(1) and (2).

\\\

\\\

\\\

\\\

## COUNT 8

## USE OF FIRE TO CAUSE MORE THAN $1,000 OF DAMAGE

## AND DEPREDATION AGAINST PROPERTY OF THE UNITED STATES

### (2006 Grandad Arson)

On or about August 23, 2006, in the District of Oregon, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. intentionally used fire to commit a felony which may be prosecuted in a court of the United States, to wit: the willful damage and depredation, or attempted damage and depredation in excess of $1,000, against property owned and possessed by the United States, or any department or agency thereof, to wit: the United States Department of Interior, Bureau of Land Management, located in Harney County, along and near Bridge Creek Road in the Steens Mountain Cooperative Management and Protection Area;

All in violation of Title 18, United States Code, Sections 2, 844(h)(1) and 1361.

## COUNT 9

## TAMPERING WITH A WITNESS

### (Frenchglen Hotel)

On or about August 24, 2006, at the Frenchglen Hotel in Harney County, District of Oregon, defendant STEVEN DWIGHT HAMMOND did knowingly use intimidation and threats, and attempted to corruptly persuade BLM employee and firefighter Joe Glascock, by stating to him words to the effect:

This could get ugly and could be a sticky situation. You know management cycles through here all the time. I know that you want to be part of this community. If you want to stay

here, you will make this go away. If I go down, I'm taking you with me. * * * You lighted those fires, not me;

and, when defendant STEVEN DWIGHT HAMMOND made such statement, he had the intent to hinder, delay, and prevent BLM employee and firefighter Joe Glascock's communication to a federal law enforcement officer, information related to the commission or possible commission of the federal offenses committed by defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR., to-wit:

the intentional and malicious damaging and destruction, or attempt to damage and destroy, by means of fire, property owned and possessed by the United States, or any department or agency thereof, to wit: the United States Department of Interior, Bureau of Land Management, and

directly and proximately creating by such conduct a substantial risk of injury to one or more persons, including but not limited to BLM employees and firefighters Chad Rott, Lisa Megargee, Lance Okeson and Joe Glascock;

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

All in violation of Title 18, United States Code, Sections 844(f)(1) and (2) and 1512(b)(3).

Dated this 16th day of May 2012.

A TRUE BILL.

/s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

Presented by:

S. AMANDA MARSHALL
United States Attorney
District of Oregon


/s/ Frank R. Papagni, Jr.
FRANK R. PAPAGNI, JR.
Assistant United States Attorney