**MARC D. BLACKMAN**, OSB No. 730338
E-mail: marc@ransomblackman.com
RANSOM BLACKMAN LLP
1400 Congress Center
1001 S.W. Fifth Avenue
Portland, OR  97204-1144
Telephone: [503] 228-0487
Facsimile:  [503] 227-5984

    Of Attorneys for Defendant Dwight Lincoln Hammond, Jr.

**LAWRENCE H. MATASAR**, OSB No. 742092
E-mail: larry@pdxlaw.com
LAWRENCE MATASAR, P.C.
621 S.W. Morrison Street
Suite 1025
Portland, OR 97205
Telephone: [503] 222-9830
Facsimile:  [503] 274-8575

    Of Attorneys for Defendant Steven Dwight Hammond

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

### Eugene Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | Case No. 6:10-CR-60066-HO |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS' MOTION** |
| | ) | **TO STRIKE OVERT ACT** |
| v. | ) | **ALLEGATIONS FROM** |
| | ) | **COUNT 1 OF THE** |
| **STEVEN DWIGHT HAMMOND, and** | ) | **SUPERSEDING INDICTMENT** |
| **DWIGHT LINCOLN HAMMOND, JR.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Page 1 -  DEFENDANTS' MOTION TO STRIKE OVERT ACT ALLEGATIONS
       FROM COUNT 1 OF THE SUPERSEDING INDICTMENT

Pursuant to Federal Rules of Criminal Procedure 7(d), FRE 401, 403, and 404, and the Fifth and Sixth Amendments to the United States Constitution, defendant Steven Dwight Hammond, by and through his attorneys Lawrence H. Matasar and Lawrence Matasar, P.C., and defendant Dwight Lincoln Hammond, Jr., by and through his attorneys Marc D. Blackman and Ransom Blackman LLP, move to strike the overt act allegations from Count 1 of the Superseding Indictment on the grounds that they constitute prejudicial surplusage.

In support of this motion, the Court is respectfully referred to the Points and Authorities below.

Defendants request a pretrial hearing on this motion.

Defendants reserve the right to file a supplemental memorandum in support of this motion following the pretrial hearing.

Dated this 21st day of May, 2012.

                Respectfully submitted,

RANSOM BLACKMAN LLP        LAWRENCE MATASAR, P.C.

*/s/ Marc D. Blackman*              */s/ Lawrence H. Matasar*
MARC D. BLACKMAN              LAWRENCE H. MATASAR
OSB No. 730338                    OSB No. 742092
[503] 228-0487                     [503] 222-9830
Of Attorneys for Defendant       Of Attorneys for Defendant
Dwight Lincoln Hammond, Jr.     Steven Dwight Hammond

Page 2 - DEFENDANTS' MOTION TO STRIKE OVERT ACT ALLEGATIONS FROM COUNT 1 OF THE SUPERSEDING INDICTMENT

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

## POINTS AND AUTHORITIES

Count 1 of the Superseding Indictment alleges a conspiracy under 18 U.S.C. § 844(n). This statute provides, in relevant part:

> [A] person who conspires to commit any offense defined in this chapter shall be subject to the same penalties (other than the penalty of death) as the penalties prescribed for the offense the commission of which was the object of the conspiracy.

Unlike 18 U.S.C. § 371, this statute does not make an overt act an element of the offense. The Supreme Court has held that "the settled principle of statutory construction [is] that, absent contrary indications, Congress intends to adopt the common law definition of statutory terms. *See Molzof v. United States,* 502 U.S. 301, 307-08, 112 S. Ct. 711, 116 L. Ed.2d 731 (1992)" and "that the common law understanding of conspiracy 'does not make the doing of any act other than the act of conspiring a condition of liability.'" [*United States v. Shabani,* 513 U.S. 10] at 13-14, 115 S. Ct. 382 (1994) (quoting *Nash* [*v. United States*, 229 U.S. 373] at 378, 33 S. Ct. 780), 115 S. Ct. (1913)]." *Whitfield v. United States*, 543 U.S. 209, 213-14, 125 S. Ct. 687, 691 (2005). As the Court went on to note in holding that a conspiracy to launder money under 18 U.S.C. §§ 1956 and 1957, like a conspiracy to distribute drugs under 21 U.S.C. §846, did not require an overt act:

> In concluding that the drug conspiracy statute in *Shabani* did not require proof of an overt act, we found instructive the distinction between that statute and the general conspiracy statute, § 371, which supersedes the common law rule by expressly including an overt-act requirement. 513 U.S., at 14, 115 S. Ct. 382. See 18 U.S.C. § 371 ("If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, *and one or more of such persons do any act to effect*

Page 3  -  DEFENDANTS' MOTION TO STRIKE OVERT ACT ALLEGATIONS FROM COUNT 1 OF THE SUPERSEDING INDICTMENT

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

*the object of the conspiracy,* each shall be fined under this title or imprisoned not more than five years, or both" (emphasis added)).

*Shabani* distilled the governing rule for conspiracy statutes as follows: "'*Nash* and *Singer* [*v. United States*, 323 U.S. 338, 65 S. Ct. 282, 89 L. Ed. 285 (1945)] give Congress a formulary: by choosing a text modeled on § 371, it gets an overt-act requirement; by choosing a text modeled on the Sherman Act, 15 U.S.C. § 1 [which, like 21 U.S.C. § 846, omits any express overt-act requirement], it dispenses with such a requirement.'" 513 U.S., at 14, 115 S. Ct. 382 (quoting *United States v. Sassi,* 966 F.2d 283, 284 (C.A.7 1992)). This rule dictates the outcome in the instant cases as well: Because the text of § 1956(h) does not expressly make the commission of an overt act an element of the conspiracy offense, the Government need not prove an overt act to obtain a conviction. *Whitfield v. United States*, 543 U.S. 213-14.

The conspiracy offense created by 18 U.S.C. § 844(n) uses the same language as the drug conspiracy offense created by 21 U.S.C. § 846 and the money laundering conspiracy offenses created by 18 U.S.C. §§ 1956 and 1957. Congress did not choose text modeled on 18 U.S.C. § 371. Under *Whitfield*, therefore, a conspiracy under 18 U.S.C. § 844(n) does not include an overt act element.

That being the case, all of the overt acts alleged in Count 1 must be stricken as prejudicial surplusage. As the district court recently summarized in *United States v Mahon*, 2010 WL 4038605, 5 (D. Ariz. 2010), under Ninth Circuit precedent:

Rule 7(d) of the Federal Rules of Criminal Procedure permits a court to strike prejudicial or inflammatory surplusage from an indictment. Fed. R. Crim. P. 7(d); *see United States v. Ramirez,* 710 F.2d 535, 544-45 (9th Cir. 1983). Surplusage in the Rule 7(d) context is language that "goes beyond alleging elements of the crime," *United States v. Jenkins,* 785 F.2d 1387, 1392 (9th Cir. 1986), and can include "allegations that are neither relevant nor material to the charges," *Ramirez,* 710 F.2d at 544-45. A defendant is prejudiced by surplusage in the indictment if it prevents him from preparing a defense, causes him to be "prosecuted on the basis of facts [different from those] presented to the grand jury," prevents him from pleading

Page 4 - DEFENDANTS' MOTION TO STRIKE OVERT ACT ALLEGATIONS FROM COUNT 1 OF THE SUPERSEDING INDICTMENT

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

double jeopardy should there be a future prosecution, or fails to "inform the court of the facts alleged so that it can determine the sufficiency of the charge." *See Jenkins*, 785 F.2d at 1392.

## CONCLUSION

For each of the reasons set forth above, the Court should strike the overt act allegations from Count 1 of the Superseding Indictment.

Dated this 21st day of May, 2012.

                                                                            Respectfully submitted,

| RANSOM BLACKMAN LLP | LAWRENCE MATASAR, P.C. |
|---|---|
| */s/ Marc D. Blackman* | */s/ Lawrence H. Matasar* |
| MARC D. BLACKMAN | LAWRENCE H. MATASAR |
| OSB No. 730338 | OSB No. 742092 |
| [503] 228-0487 | [503] 222-9830 |
| Of Attorneys for Defendant | Of Attorneys for Defendant |
| Dwight Lincoln Hammond, Jr. | Steven Dwight Hammond |

Page 5 -  DEFENDANTS' MOTION TO STRIKE OVERT ACT ALLEGATIONS FROM COUNT 1 OF THE SUPERSEDING INDICTMENT

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS' MOTION TO STRIKE OVERT ACT ALLEGATIONS FROM COUNT 1 OF THE SUPERSEDING INDICTMENT on the following attorneys:

Frank R. Papagni, Jr.
Assistant United States Attorney
United States Attorney's Office
405 East 8th Avenue
Suite 2400
Eugene, OR 97401

AnneMarie Sgarlata
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204

by electronic transmission on the 21st day of May, 2012.

RANSOM BLACKMAN LLP


/s/ Marc D. Blackman
MARC D. BLACKMAN
OSB No. 730338
[503] 228-0487
Of Attorneys for Defendant
Dwight Lincoln Hammond, Jr.

CERTIFICATE OF SERVICE

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984