**MARC D. BLACKMAN**, OSB No. 730338
E-mail: marc@ransomblackman.com
RANSOM BLACKMAN LLP
1400 Congress Center
1001 S.W. Fifth Avenue
Portland, OR  97204-1144
Telephone: [503] 228-0487
Facsimile:  [503] 227-5984

    Of Attorneys for Defendant Dwight Lincoln Hammond, Jr.

**LAWRENCE H. MATASAR**, OSB No. 742092
E-mail: larry@pdxlaw.com
LAWRENCE MATASAR, P.C.
621 S.W. Morrison Street
Suite 1025
Portland, OR 97205
Telephone: [503] 222-9830
Facsimile:  [503] 274-8575

    Of Attorneys for Defendant Steven Dwight Hammond

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### Eugene Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Case No. 6:10-CR-60066-HO** |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS' PROPOSED** |
| | ) | **JURY INSTRUCTIONS** |
| v. | ) | |
| | ) | **ORAL ARGUMENT REQUESTED** |
| **STEVEN DWIGHT HAMMOND, and** | ) | |
| **DWIGHT LINCOLN HAMMOND, JR.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Page 1  -  DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendant Steven Dwight Hammond, by and through his attorney, Lawrence H.

Matasar and Lawrence Matasar, P.C. and defendant Dwight Lincoln Hammond, Jr., by

and through his attorney, Marc D. Blackman, pursuant to Federal Rule of Criminal

Procedure 30, hereby request that the Court give the following instructions to the jury

impaneled in this case.

Defendants request permission to file such additional requested jury instructions as

may become necessary during the course of the trial.

Defendants further request that in reading any instructions to the jury which

contain the terms "the defendant" or "the accused" the court substitute the defendants'

names, Mr. Dwight Hammond and Mr. Steven Hammond, for such terms.

Dated this 23rd day of May, 2012.

Respectfully submitted,

RANSOM BLACKMAN LLP          LAWRENCE MATASAR, P.C.


*/s/ Marc D. Blackman*          */s/ Lawrence H. Matasar*
MARC D. BLACKMAN              LAWRENCE H. MATASAR
OSB No. 730338               OSB No. 742092
[503] 228-0487               [503] 222-9830
Of Attorneys for Defendant    Of Attorneys for Defendant
Dwight Lincoln Hammond, Jr.    Steven Dwight Hammond

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

## PRELIMINARY INSTRUCTIONS AT THE BEGINNING OF THE CASE

| Defendants' Requested Preliminary Instruction No. | Instruction | Page |
|---|---|---|
| A | DUTY OF JURY | 4 |
| B | THE CHARGE – PRESUMPTION OF INNOCENCE | 5-11 |
| C | SEPARATE CONSIDERATION FOR EACH DEFENDANT | 12 |
| D | WHAT IS EVIDENCE | 13 |
| E | WHAT IS NOT EVIDENCE | 14 |
| F | RULING ON OBJECTIONS | 15 |
| G | CREDIBILITY OF WITNESSES | 16 |
| H | CONDUCT OF THE JURY | 17-18 |
| I | NO TRANSCRIPT AVAILABLE TO JURY | 19 |
| J | TAKING NOTES | 20 |
| K | OUTLINE OF TRIAL | 21 |

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                         INSTRUCTION NO._____
Preliminary Instruction No. A


## DUTY OF JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few

minutes to tell you something about your duties as jurors and to give you some

instructions. These are preliminary instructions. At the end of the trial I will give you

more detailed instructions. Those instructions will control your deliberations. You should

not take anything I may say or do during the trial as indicating what I think of the

evidence or what your verdict should be.


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 1.1.

Page 4  -  DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                    INSTRUCTION NO._____
Preliminary Instruction No. B


## THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government

charges Mr. Dwight Hammond and Mr. Steven Hammond with Conspiracy (count 1); Use

of Fire to Damage and Destroy Property of the United States, Counts 2, 3, and 5; Use of

Fire to Damage and Destroy Property of the United States and Creating a Substantial Risk

of Injury to Any Person, Count 7; Use of Fire to Cause More than $1,000 of Damage and

Depredation against property of the United States, counts 4, 6, 8, and the government

charges Mr. Steven Hammond with Tampering with a witness, Count 9

The charges against the defendants are contained in the indictment. The indictment

simply describes the charges the government brings against the defendant.  The

indictment is not evidence and does not prove anything.

The defendants have pleaded not guilty to all the charges and are presumed

innocent unless and until the government proves the defendants guilty beyond a

reasonable doubt.  In addition, the defendants have the right to remain silent and never

have to prove innocence or to present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of

the elements of the crimes, which the government must prove to make its case.


Page 5  -  DEFENDANTS' PROPOSED JURY INSTRUCTIONS

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

With regard to Count 1, Conspiracy, the government must prove each of these elements beyond a reasonable doubt:

1.    That between September 9, 1999 and August 24, 2006, in the State of Oregon;

2.    Dwight Hammond and Steven Hammond;

3.    knowingly and willfully;

4.    agreed;

5.    maliciously;

6.    to damage or destroy;

7.    by means of fire;

8.    real property owned by the United States.

As used in this charge, "maliciously" means "1intentionally and without justification or lawful excuse."

With regard to Count 2, Use of Fire to Damage and Destroy Property of the United States, the government must prove each of these elements beyond a reasonable doubt:

1.    that on or about September 30, 2001,

2.    Steven Hammond and Dwight Hammond;

3.    intentionally;

4.    maliciously, without justification or lawful excuse;

5.    damaged or destroyed;

Page 6  -  DEFENDANTS' PROPOSED JURY INSTRUCTIONS

6.    by means of fire or explosive;

7.    real property of the United States located in the Hardie-Hammond grazing allotment in the Steens Mountain area.

As used in this charge, "maliciously" means "1intentionally and without justification or lawful excuse."

With regard to Count 3, Use of Fire to Damage and Destroy Property of the United States, the government must prove each of these elements beyond a reasonable doubt:

1.    that on or about August 22, 2006;

2.    Steven Hammond and Dwight Hammond;

3.    intentionally;

4.    maliciously, without justification or lawful excuse;

5.    damaged or destroyed;

6.    by means of fire or explosive;

7.    real property of the United States located within and near the Lower Bridge Creek area in the Steens Mountain area.

As used in this charge, "maliciously" means "1intentionally and without justification or lawful excuse."

With regard to Count 4, Use of Fire to Cause More than $1,000 of Damage and Depredation against property of the United States, the government must prove each of these elements beyond a reasonable doubt:

Page 7  -  DEFENDANTS' PROPOSED JURY INSTRUCTIONS

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

1.    that on or about August 22, 2006;

2.    Steven Hammond and Dwight Hammond;

3.    willfully injured or committed a depredation;

4.    against the property;

5.    of the United States;

6.    located within and near the Lower Bridge Creek area in the Steens

Mountain area, and

7.    the damage or attempted damage to such property exceeded the sum of

$1,000.

With regard to Count 5, Use of Fire to Damage and Destroy Property of the United

States, the government must prove each of these elements beyond a reasonable doubt:

1.    that on or about August 22, 2006;

2.    Steven Hammond;

3.    intentionally;

4.    maliciously, without justification or lawful excuse;

5.    damaged or destroyed;

6.    by means of fire or explosive;

7.    real property of the United States located within and near Krumbo Butte in

the Steens Mountain area.

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

As used in this charge, "maliciously" means "1intentionally and without justification or lawful excuse."

With regard to Count 6, Use of Fire to Cause More than $1,000 of Damage and Depredation against property of the United States, the government must prove each of these elements beyond a reasonable doubt:

    1.     that on or about August 22, 2006;

    2.     Steven Hammond;

    3.     willfully injured or committed a depredation;

    4.     against the property;

    5.     of the United States;

    6.     located within and near Krumbo Butte in the Steens Mountain area; and

    7.     the damage or attempted damage to such property exceeded the sum of $1,000.

With regard to Count 7, Use of Fire to Damage and Destroy Property of the United States, the government must prove each of these elements beyond a reasonable doubt:

    1.     that on or about August 23, 2006;

    2.     Steven Hammond and Dwight Hammond

    3.     intentionally;

    4.     maliciously, without justification or lawful excuse;

    5.     damaged or destroyed;

Page 9  -  DEFENDANTS' PROPOSED JURY INSTRUCTIONS

6.      by means of fire or explosive;

7.      real property of the United States located along and near Bridge Creek Road in the Steens Mountain area; and

8.      as a result of such conduct, directly and proximately created a substantial risk of injury to one or more persons.

As used in this charge, "maliciously" means "1intentionally and without justification or lawful excuse."

With regard to Count 8, Use of Fire to Cause More than $1,000 of Damage and Depredation against property of the United States, the government must prove each of these elements beyond a reasonable doubt:

1.      that on or about August 23, 2006;

2.      Steven Hammond and Dwight Hammond;

3.      willfully injured or committed a depredation

4.      against the property

5.      of the United States;

6.      located within and near Krumbo Butte in the Steens Mountain area, and;

7.      the damage or attempted damage to such property exceeded the sum of $1,000.

With regard to Count 9, Tampering with a Witness, the government must prove each of these elements beyond a reasonable doubt:

Page 10  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1.      On or about August 23, 2006;

2.      in the District of Oregon

3.      Steven Hammond knowingly used intimidation, threats, or attempted to

corruptly persuade BLM employee Joe Glascock;

4.      Steven Hammond had the intent to hinder, delay and prevent Joe

Glascock's communication to a federal law enforcement officer of information relating to

the commission or possible commission of the other offenses charged in this indictment;

and,

As used in this charge, "corruptly" means done for an improper purpose and  with

consciousness of wrongdoing.

As used in this charge, "intimidation and threats" means the defendant subjectively

intended the speech as a threat and a reasonable person would foresee that the statement

would be interpreted by those to whom he communicated as a serious expression of intent

to harm or assault.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 1.2; 1*United States v
Doe*, 136 F. 3d 631 (9th Cir. 1998); *United States v. Doss*, 1630 F.3d 1181, 1187-88
(9th Cir. 2011).

Page 11  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested
Preliminary Instruction No. C

INSTRUCTION NO._____

### SEPARATE CONSIDERATION FOR EACH DEFENDANT

Although the defendants are being tried together, you must give separate

consideration to each defendant.  In doing so, you must determine which evidence in the

case applies to each defendant, disregarding any evidence admitted solely against some

other defendant[s].  The fact that you may find one of the defendants guilty or not guilty

should not control your verdict as to any other defendant[s].

Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 1.13.

Page 12  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                           INSTRUCTION NO._____
Preliminary Instruction No. D


## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)      the sworn testimony of any witness; [and]

(2)      the exhibits which are received in evidence[.] [; and]

[(3)      any facts to which the parties agree.]

Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 1.3.

Page 13  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                    INSTRUCTION NO._____
Preliminary Instruction No. E


## WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as

evidence in deciding the facts of this case:

    (1)    statements and arguments of the attorneys;

    (2)    questions and objections of the attorneys;

    (3)    testimony that I instruct you to disregard; and

    (4)    anything you may see or hear when the court is not in session even if what

you see or hear is done or said by one of the parties or by one of the witnesses.


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 1.4.


Page 14  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                    INSTRUCTION NO._____
Preliminary Instruction No. F


## RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence.  When a

lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side

thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I

overrule the objection, the question may be answered or the exhibit received.  If I sustain

the objection, the question cannot be answered, or the exhibit cannot be received.

Whenever I sustain an objection to a question, you must ignore the question and must not

guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you

disregard or ignore the evidence.  That means that when you are deciding the case, you

must not consider the evidence that I told you to disregard.


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 1.6.

Page 15  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                    INSTRUCTION NO._____
Preliminary Instruction No. G


## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    (1)   the witness's opportunity and ability to see or hear or know the things testified to;

    (2)   the witness's memory;

    (3)   the witness's manner while testifying;

    (4)   the witness's interest in the outcome of the case, if any;

    (5)   the witness's bias or prejudice, if any;

    (6)   whether other evidence contradicted the witness's testimony;

    (7)   the reasonableness of the witness's testimony in light of all the evidence; and

    (8)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 1.7.


Page 16  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                    INSTRUCTION NO._____
Preliminary Instruction No. H

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict

should be until you and your fellow jurors have completed your deliberations at the end of

the case.

Second, because you must decide this case based only on the evidence received in

the case and on my instructions as to the law that applies, you must not be exposed to any

other information about the case or to the issues it involves during the course of your jury

duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else

communicate with you in any way about the merits of the case or anything to do with it.

This includes discussing the case in person, in writing, by phone or electronic means, via

email, text messaging, or any Internet chat room, blog, website or other feature.  This

applies to communicating with your fellow jurors until I give you the case for

deliberation, and it applies to communicating with everyone else including your family

members, your employer, the media or press, and the people involved in the trial, although

you may notify your family and your employer that you have been seated as a juror in the

case. But, if you are asked or approached in any way about your jury service or anything

Page 17  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 1.8.

Page 18  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                    INSTRUCTION NO._____
Preliminary Instruction No. I


## NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you

recall of the evidence. You will not have a written transcript of the trial.  I urge you to pay

close attention to the testimony as it is given.


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 1.9.

Page 19  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                    INSTRUCTION NO._____
Preliminary Instruction No. J


## TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take

notes, please keep them to yourself until you and your fellow jurors go to the jury room to

decide the case.  Do not let note-taking distract you from being attentive. When you leave

court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in

the jury room].  No one will read your notes.


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 1.10.


Page 20  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                     INSTRUCTION NO._____
Preliminary Instruction No. K


## OUTLINE OF TRIAL

The next phase of the trial will now begin.  First, each side may make an opening

statement.  An opening statement is not evidence.  It is simply an outline to help you

understand what that party expects the evidence will show.  A party is not required to

make an opening statement.

The government will then present evidence and counsel for the defendant may

cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the

government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies

to the case and the attorneys will make closing arguments] [the attorneys will make

closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 1.11.

Page 21  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

## INSTRUCTIONS IN THE COURSE OF TRIAL

| Defendants' Requested In Course of Trial Instruction No. | Instruction | Page |
|---|---|---|
| A-1 | CAUTIONARY INSTRUCTION—FIRST RECESS | 23 |
| A-2 | BENCH CONFERENCES AND RECESSES | 24 |
| A-3 | OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT | 25 |

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                    INSTRUCTION NO._____
In Course of Trial Instruction No. A-1

### CAUTIONARY  INSTRUCTION—FIRST RECESS

We are about to take our first break.  Remember, until the trial is over, do not

discuss this case with anyone, including your fellow jurors, members of your family,

people involved in the trial, or anyone else, and do not allow others to discuss the case

with you.  This includes discussing the case in Internet chat rooms or through Internet

blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate

with you about the case, please let me know about it immediately.  Do not read, watch, or

listen to any news reports or other accounts about the trial or anyone associated with it,

including any online information.  Do not do any research, such as consulting

dictionaries, searching the Internet or using other reference materials, and do not make

any investigation about the case on your own.  Finally, keep an open mind until all the

evidence has been presented and you have heard the arguments of counsel, my

instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to Ms.

Wright to give to me.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 2.1.

Page 23  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                    INSTRUCTION NO._____
In Course of Trial Instruction No. A-2

### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to take

up legal matters with the attorneys privately, either by having a conference at the

bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these

conferences to a minimum.  I may not always grant an attorney's request for a

conference.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 2.2.

Page 24  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                         INSTRUCTION NO._____
In Course of Trial Instruction No. A-3


## OTHER  CRIMES,  WRONGS OR ACTS OF DEFENDANT

You are about to hear evidence that the defendant committed other [crimes]

[wrongs] [acts] not charged here.  You may consider this evidence only for its bearing, if

any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan]

[knowledge] [identity] [absence of mistake] [absence of accident] and for no other

purpose.  [You may not consider this evidence as evidence of guilt of the crime for which

the defendant is now on trial.]


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 2.10.

Page 25  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## INSTRUCTIONS AT END OF TRIAL

| Defendants' Requested Instruction No. | Instruction | Page |
|---|---|---|
| 1 | DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW | 28 |
| 2 | CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF | 29 |
| 3 | DEFENDANTS' DECISION NOT TO TESTIFY | 30 |
| 4 | REASONABLE DOUBT—DEFINED | 31 |
| 5 | WHAT IS EVIDENCE | 32 |
| 6 | WHAT IS NOT EVIDENCE | 33 |
| 7 | CREDIBILITY OF WITNESSES | 34-35 |
| 8 | ACTIVITIES NOT CHARGED | 36 |
| 9 | SEPARATE CONSIDERATION OF MULTIPLE COUNTS—MULTIPLE DEFENDANTS | 37 |
| 10 | STATEMENTS BY DEFENDANT | 38 |
| 11 | OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT | 39 |
| 12 | EYEWITNESS IDENTIFICATION | 40 |
| 13 | LAW ENFORCEMENT OFFICER TESTIMONY | 41 |
| 14 | OPINION EVIDENCE, EXPERT WITNESS | 42 |
| 15 | SUMMARIES NOT RECEIVED IN EVIDENCE | 43 |
| 16 | CHARTS AND SUMMARIES IN EVIDENCE | 44 |
| 17 | EVIDENCE CONSIDERATIONS—Less Satisfactory Evidence | 45 |
| 18 | ELEMENTS OF THE OFFENSE – Count 1 – Conspiracy | 46-47 |
| 19 | ELEMENTS OF THE OFFENSE – Count 2 – Use of Fire to Damage and Destroy Property of the United States | 48 |
| 20 | ELEMENTS OF THE OFFENSE – Count 3 - Use of Fire to Damage and Destroy Property of the United States | 49 |
| 21 | ELEMENTS OF THE OFFENSE – Count 4 – Depredation Against Property of the United States in an Amount Greater Than $1,000 | 50 |
| 22 | ELEMENTS OF THE OFFENSE – Count 5 – Use of Fire to Damage and Destroy Property of the United States | 51 |

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

| 23 | ELEMENTS OF THE OFFENSE – Count 6 – Depredation Against Property of the United States in an Amount Greater Than $1,000 | 52 |
|---|---|---|
| 24 | ELEMENTS OF THE OFFENSE – Count 7 – Use of Fire to Damage and Destroy Property of the United States | 53-54 |
| 25 | ELEMENTS OF THE OFFENSE – Count 8 – Depredation Against Property of the United States in an Amount Greater Than $1,000 | 55 |
| 26A | ELEMENTS OF THE OFFENSE – Count 9 – Tampering with a Witness [Corruptly Persuading Theory] | 56 |
| 26B | ELEMENTS OF THE OFFENSE – Count 9 – Tampering with a Witness [Threat and Intimidation Theory] | 57-58 |
| 27 | KNOWINGLY – DEFINED | 59 |
| 28 | NECESSITY (LEGAL EXCUSE) | 60 |
| 29 | RELIANCE ON PUBLIC AUTHORITY | 61-62 |
| 30 | DUTY TO DELIBERATE | 63 |
| 30A | DUTY TO DELIBERATE - SPECIFIC ISSUE UNANIMITY | 64 |
| 31 | CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY | 65 |
| 32 | USE OF NOTES | 66 |
| 33 | VERDICT FORM | 67 |
| 34 | COMMUNICATION WITH COURT | 68 |

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                    INSTRUCTION NO._____
Instruction No. 1


## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to

instruct you on the law that applies to this case.  A copy of these instructions will be

available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in

that process, to decide the facts.  It is also your duty to apply the law as I give it to you to

the facts as you find them, whether you agree with the law or not.  You must decide the

case solely on the evidence and the law and must not be influenced by any personal likes

or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath

promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they

are all important.  Please do not read into these instructions or into anything I may have said

or done any suggestion as to what verdict you should return—that is a matter entirely up to

you.


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 3.1.

Page 28  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                    INSTRUCTION NO._____
Instruction No. 2


**CHARGE AGAINST DEFENDANT NOT EVIDENCE
—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF**

The indictment is not evidence.  Dwight Hammond and Steven Hammond have

pleaded not guilty to the charges. Dwight Hammond and Steven Hammond are presumed

to be innocent unless and until the government proves them guilty beyond a reasonable

doubt.  In addition, a defendant does not have to testify or present any evidence to prove

his innocence.  The government has the burden of proving every element of the charge[s]

beyond a reasonable doubt.


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 3.2. (with
"defendant" changed to Dwight Hammond and Steven Hammond.)

Page 29  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested
Instruction No. 3

INSTRUCTION NO._____


## DEFENDANTS' DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.  You may

not draw any inference of any kind from the fact that the defendant did not testify.


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 3.3.

Page 30  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                    INSTRUCTION NO._____
Instruction No. 4


## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the

defendant is guilty.  It is not required that the government prove guilt beyond all possible

doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not

based purely on speculation.  It may arise from a careful and impartial consideration of all

the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not

convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find

the defendant not guilty.  On the other hand, if after a careful and impartial consideration

of all the evidence, you are convinced beyond a reasonable doubt that the defendant is

guilty, it is your duty to find the defendant guilty.


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 3.5.

Page 31  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                INSTRUCTION NO._____
Instruction No. 5

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

    (1)    the sworn testimony of any witness; [and]

    (2)    the exhibits received in evidence[.] [; and]

    [(3)    any facts to which the parties have agreed.]

Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 3.6.

Page 32  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                    INSTRUCTION NO._____
Instruction No. 6


## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 3.7.

Page 33  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                    INSTRUCTION NO._____
Instruction No. 7

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the witness's opportunity and ability to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Page 34  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 3.9.

Page 35  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                    INSTRUCTION NO.＿＿＿＿＿＿＿＿
Instruction No. 8


## ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the

charge[s] in the indictment.  The defendant is not on trial for any conduct or offense not

charged in the indictment.


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 3.10.

Page 36  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                    INSTRUCTION NO._____
Instruction No. 9


## SEPARATE CONSIDERATION OF MULTIPLE COUNTS—MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count.

The charges have been joined for trial. You must decide the case of each defendant on

each crime charged against that defendant separately. Your verdict on any count as to any

defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count [unless a

specific instruction states that it applies only to a specific [defendant] [count]].


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 3.13.


Page 37  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                          INSTRUCTION NO._____
Instruction No. 10

## STATEMENTS BY DEFENDANT

You have heard testimony that Dwight Hammond and Steven Hammond made

statements.  It is for you to decide (1) whether the defendant made the statement, and (2)

if so, how much weight to give to it.  In making those decisions, you should consider all

the evidence about the statement, including the circumstances under which it may have

been made.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 4.1. (with slight
changes).

Page 38  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                    INSTRUCTION NO._____
Instruction No. 11


## OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You have heard evidence that the defendant committed other [crimes] [wrongs]

[acts] not charged here.  You may not consider this evidence as evidence of guilt of the

crime for which the defendant is now on trial. You may consider this evidence only for

its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity]

[preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident]

and for no other purpose.


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 4.3 (with slight
changes).

Page 39  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                       INSTRUCTION NO._____
Instruction No. 12

## EYEWITNESS IDENTIFICATION

You have heard testimony of eyewitness identification.  In deciding how much

weight to give to this testimony, you may consider the various factors mentioned in

these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony,

you may also consider:

(1)     the capacity and opportunity of the eyewitness to observe the offender based

upon the length of time for observation and the conditions at the time of observation,

including lighting and distance;

(2)     whether the identification was the product of the eyewitness's own

recollection or was the result of subsequent influence or suggestiveness;

(3)     any inconsistent identifications made by the eyewitness;

(4)     the witness's familiarity with the subject identified;

(5)     the strength of earlier and later identifications;

(6)     lapses of time between the event and the identification[s]; and

(7)     the totality of circumstances surrounding the eyewitness's identification.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 4.11.

Page 40  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                    INSTRUCTION NO._____
Instruction No. 13


## LAW ENFORCEMENT OFFICER TESTIMONY

The testimony of a law enforcement officer is to be treated by you in the same

manner as that of any other witnesses. All witnesses who appeared in the court swore to

tell the truth. Law enforcement officers (including FBI or BLM officers) did no more and

no less.


*See* generally O'Malley, et.al , FEDERAL JURY PRACTICE AND INSTRUCTIONS  §
15.01 (2000) (regarding credibility of witnesses generally).

Page 41  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                    INSTRUCTION NO._____
Instruction No. 14


## OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or

experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony.  You may accept

it or reject it, and give it as much weight as you think it deserves, considering the witness's

education and experience, the reasons given for the opinion, and all the other evidence in the

case.


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 4.14.

Page 42  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                          INSTRUCTION NO._____
Instruction No. 15

### SUMMARIES NOT RECEIVED IN EVIDENCE

During the trial, certain charts, maps and summaries were shown to you in order to

help explain the evidence in the case.  These charts, maps and summaries were not

admitted in evidence and will not go into the jury room with you.  They are not

themselves evidence or proof of any facts.  If they do not correctly reflect the facts or

figures shown by the evidence in the case, you should disregard these charts and

summaries and determine the facts from the underlying evidence.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 4.15. (with addition
of word "maps").

Page 43  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                    INSTRUCTION NO._____
Instruction No. 16


## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts, maps and summaries have been admitted in evidence.  Charts,

maps and summaries are only as good as the underlying supporting material. You should,

therefore, give them only such weight as you think the underlying material deserves.


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 4.16. (with addition
of word "maps").

Page 44  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                                    INSTRUCTION NO._____
Instruction No. 17


## EVIDENCE CONSIDERATIONS – Less Satisfactory Evidence

Evidence is to be estimated not only by its own intrinsic weight, but also according

to the evidence which it is in the power of the government to produce.  If weaker and less

satisfactory evidence is offered, when it appears that stronger and more satisfactory was

within the power of the party, the evidence offered should be viewed with distrust.


*Southern Pac. Co. v. Libbey*, 199 F.2d 341, 346 n.6 (9th Cir. 1952); *Carranza-Chaidez v. U.S.*, 414 F.2d 503 (9th Cir. 1969).

Page 45  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                    INSTRUCTION NO._____
Instruction No. 18


**ELEMENTS OF THE OFFENSE – COUNT 1 – CONSPIRACY**

Steven and Dwight Hammond are charged in Count 1 with conspiracy in violation

of Section 844(n) of Title 18 of the United States Code.  In order for them to be guilty of

this charge, the government must prove each of the following elements beyond a

reasonable doubt:

1)      The defendants;

(2)      Knowingly and willfully;

(3)      Agreed;

(4)      Maliciously;

(5)      To damage or destroy or attempt to damage or destroy;

(6)      By means of fire or an explosive;

(7)      Any building, vehicle, or other personal or real property in whole or in part

owned or possessed  by, or leased to, the United States, or any department

or agency thereof;

[In the event this Court denies defendant's Motion to Strike Overt Act Allegations

from Count 1 of the Superseding Indictment, add:

(8) At least one of the overt acts alleged in Count 1 was committed by one of the

defendants and this overt act was committed in furtherance of the conspiracy.]


Page 46  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to use fire to destroy property of the United States.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

Adapted from Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 8.2 (Conspiracy to Commit Arson); l*United States v. Montgomery*, 384 F.3d 1050, 1062 (9th Cir. 2004).

Page 47  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                    INSTRUCTION NO._____
Instruction No. 19


**ELEMENTS OF THE OFFENSE – COUNT 2 - USE OF FIRE TO DAMAGE AND**

**DESTROY PROPERTY OF THE UNITED STATES**

Steven and Dwight Hammond are charged in Count 2 with the use of fire to

Damage and Destroy Property of the United States in violation of Section 844(f) of Title

18 the United States Code.  In order for either or both of them to be guilty of this charge,

the government must prove each of the following elements beyond a reasonable doubt:

1.      that on or about September 30, 2001,

2.      Steven Hammond and Dwight Hammond;

3.      intentionally;

4.      maliciously;

5.      damaged or destroyed;

6.      by means of fire or explosive;

7.      real property of the United States located in the Hardie-Hammond grazing

allotment in the Steens Mountain area.

As used in this instruction, "maliciously" means "1intentionally and without

justification or lawful excuse."


*United States v. McKinnon*, 281 F. Supp. 2d 1146, 1148 (N.D. Cal. 2003), *United States v Doe*, 136 F.3d 631 (9th Cir. 1998); 1*United States v. Kelly*, __ F.3d ___, 2012 WL 1237823 (9th Cir. 2012).


Page 48  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                               INSTRUCTION NO._____
Instruction No. 20


## ELEMENTS OF THE OFFENSE – COUNT 3 - USE OF FIRE TO DAMAGE AND DESTROY PROPERTY OF THE UNITED STATES

Steven and Dwight Hammond are charged in Count 3 with the use of fire to

Damage and Destroy Property of the United States in violation of Section 844(f) of Title

18 the United States Code.  In order for either or both of them to be guilty of this charge,

the government must prove each of the following elements beyond a reasonable doubt:

1.      that on or about August 22, 2006;

2.      Steven Hammond and Dwight Hammond;

3.      intentionally;

4.      maliciously, without justification or lawful excuse;

5.      damaged or destroyed;

6.      by means of fire or explosive;

7.      real property of the United States located within and near the Lower Bridge
Creek area in the Steens Mountain area.


*United States v. McKinnon*, 281 F. Supp. 2d 1146, 1148 (N.D. Cal. 2003), *United States v
Doe*, 136 F.3d 631 (9th Cir. 1998).

Page 49  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                          INSTRUCTION NO._____
Instruction No. 21


## ELEMENTS OF THE OFFENSE – COUNT 4 – DEPREDATION AGAINST PROPERTY OF THE UNITED STATES IN AN AMOUNT GREATER THAN $1,000

Steven and Dwight Hammond are charged in Count 4 with committing a

depredation against the property of the United States in an amount greater than $1,000 in

violation of Sections 844(h)(1) and 1361 of the United States Code. In order for either or

both of them to be guilty of this charge, the government must prove each of the following

elements beyond a reasonable doubt:

1.      that on or about August 22, 2006;

2.      Steven Hammond and Dwight Hammond;

3.      willfully injured or committed a depredation

4.      against the property

5.      of the United States;

6.      located within and near the Lower Bridge Creek area in the Steens

Mountain area, and

7.      the damage or attempted damage to such property exceeded the sum of

$1,000.


Adapted from 1*United States v. Seaman*, 18 F.3d 649, 650 (9th Cir. 1994); 1 *United States v. Manes*, 420 F. Supp. 1013, 1018 (D. Or. 1976).

Page 50  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                        INSTRUCTION NO._____
Instruction No. 22


## ELEMENTS OF THE OFFENSE – COUNT 5 - USE OF FIRE TO DAMAGE AND DESTROY PROPERTY OF THE UNITED STATES

Steven Hammond is charged in Count 5 with the use of fire to Damage and

Destroy Property of the United States in violation of Section 844(f) of Title 18 the United

States Code.  In order for him to be guilty of this charge, the government must prove each

of the following elements beyond a reasonable doubt:

1.     that on or about August 22, 2006;

2.     Steven Hammond;

3.     intentionally;

4.     maliciously, without justification or lawful excuse;

5.     damaged or destroyed;

6.     by means of fire or explosive;

7.     real property of the United States located within and near the Krumbo Butte Bridge Creek area in the Steens Mountain area.


Adapted from *United States v. McKinnon*, 281 F. Supp. 2d 1146, 1148 (N.D. Cal. 2003), *United States v Doe*, 136 F.3d 631 (9th Cir. 1998).

Page 51  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                           INSTRUCTION NO._____
Instruction No. 23


### ELEMENTS OF THE OFFENSE – COUNT 6 – DEPREDATION AGAINST PROPERTY OF THE UNITED STATES IN AN AMOUNT GREATER THAN $1,000

Steven Hammond is charged in Count 6 with committing a depredation against the property of the United States in an amount greater than $1,000 in violation of Sections 844(h)(1) and 1361 of the United States Code. In order for either or both of them to be guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.    that on or about August 22, 2006;

2.    Steven Hammond;

3.    willfully injured or committed a depredation

4.    against the property

5.    of the United States;

6.    located within and near the Krumbo Butte Bridge Creek area in the Steens Mountain area, and;

7.    the damage or attempted damage to such property exceeded the sum of $1,000.


Adapted from 1*United States v. Seaman*, 18 F.3d 649, 650 (9th Cir. 1994); 1 *United States v. Manes*, 420 F. Supp. 1013, 1018 (D. Or. 1976).

Page 52  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                    INSTRUCTION NO._____
Instruction No. 24


## ELEMENTS OF THE OFFENSE – COUNT 7 - USE OF FIRE TO DAMAGE AND DESTROY PROPERTY OF THE UNITED STATES

Steven Hammond and Dwight Hammond are charged in Count 7 with the use of

fire to Damage and Destroy Property of the United States in violation of Section 844(f) of

Title 18 the United States Code.  In order for either or both of them to be guilty of this

charge, the government must prove each of the following elements beyond a reasonable

doubt:

    1.    that on or about August 23, 2006;

    2.    Steven Hammond and Dwight Hammond;

    3.    intentionally;

    4.    maliciously, without justification or lawful excuse;

    5.    damaged or destroyed;

    6.    by means of fire or explosive;

    7.    real property of the United States located along and near Bridge Creek Road in the Steens Mountain area;

    8.    that a substantial risk of injury existed to the four persons [other than defendants] named in the indictment;[1]

---

[1] *See United States v. Zendeli*, 180 F.3d 879 (7th Cir. 1999), *rehearing and suggestion for rehearing en banc denied* 195 F.3d 314  (7th Cir. 1999) [Statutory sentence enhancement to be imposed when "personal injury results to any person" due to arson did not apply when only person injured as result of attempted arson of restaurant was coconspirator.]

Page 53  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

9.    that defendants' conduct was the direct or proximate cause of such risk; and

10.    that it was reasonably foreseeable to defendants that their conduct would create a direct or proximate cause of such risk.

Adapted from *United States v. Webb*, 655 F.3d 1238, 1256 (11th Cir. 2011).

Page 54  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested
Instruction No. 25

INSTRUCTION NO._____

## ELEMENTS OF THE OFFENSE – COUNT 8 – DEPREDATION AGAINST PROPERTY OF THE UNITED STATES IN AN AMOUNT GREATER THAN $1,000

Steven Hammond and Dwight Hammond are charged in Count 8 with committing a depredation against the property of the United States in an amount greater than $1,000 in violation of Sections 844(h)(1) and 1361 of the United States Code. In order for either or both of them to be guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.      that on or about August 23, 2006;

2.      Steven Hammond and Dwight Hammond;

3.      willfully injured or committed a depredation

4.      against the property

5.      of the United States;

6.      located along and near Bridge Creek Road in the Steens Mountain area, and;

7.      the damage or attempted damage to such property exceeded the sum of $1,000.

Adapted from 1*United States v. Seaman*, 18 F.3d 649, 650 (9th Cir. 1994); 1 *United States v. Manes*, 420 F. Supp. 1013, 1018 (D. Or. 1976).

Page 55  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                           INSTRUCTION NO._____
Instruction No. 26A


**ELEMENTS OF THE OFFENSE – COUNT 9 – TAMPERING WITH A WITNESS**

**[CORRUPTLY PERSUADING THEORY]**

Steven Hammond is charged in Count with tampering with a witness in violation of section 1512(b)(3) of Title 18 of the United States Code.  In order for Steven Hammond to be guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.    Steven Hammond knowingly and corruptly persuaded Joe Glascock

2.    by stating to him words to the effect:

> This could get ugly and could be a sticky situation. You know management cycles through here all the time. I know that you want to be part of this community. If you want to stay here, you will make this go away. If I go down, I'm taking you with me. * * * You lighted those fires, not me;

3.    Steven Hammond had the intent to hinder, delay and prevent Joe Glascock's communication to a federal law enforcement officer of information relating to the commission or possible commission of the other offenses charged in this indictment; and,

In this case, "corruptly" means done for an improper purpose and with consciousness of wrongdoing.


*United States v. Doss*, 630 F.3d 1181, 1188 (9th Cir. 2011).


Page 56  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                                  INSTRUCTION NO._____
Instruction No. 26B

## ELEMENTS OF THE OFFENSE – COUNT 9 – TAMPERING WITH A WITNESS

### [THREAT AND INTIMIDATION THEORY]

Steven Hammond is charged in Count with tampering with a witness in violation

of section 1512(b)(3) of Title 18 of the United States Code.  In order for Steven

Hammond to be guilty of this charge, the government must prove each of the following

elements beyond a reasonable doubt:

1.      Steven Hammond knowingly used intimidation and threats

against Joe Glascock

2.      by stating to him words to the effect:

> This could get ugly and could be a sticky situation. You
> know management cycles through here all the time. I know that
> you want to be part of this community. If you want to stay here,
> you will make this go away. If I go down, I'm taking you with
> me. * * * You lighted those fires, not me;

3.      Steven Hammond had the intent to hinder, delay and prevent Joe

Glascock's communication to a federal law enforcement officer of information relating to

the commission or possible commission of the other offenses charged in this indictment;

and,

To find the defendant guilty of using intimidation and threats, defendant's

statement must constitute a true threat. A statement is a "true threat" if the defendant

subjectively intended the speech as a threat and a reasonable person would foresee that

Page 57  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

the statement would be interpreted by those to whom he communicated as a serious

expression of intent to harm or assault.

*United States v. Stewart*, 420 F.3d 1007, 1016 -1017 (9th Cir. 2005);
*Planned Parenthood of the Columbia/Willamette, Inc. v. American Coalition of Life Activists,* 290 F.3d 1058, 1074 (9th Cir.2002) (en banc)

Page 58  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                                    INSTRUCTION NO._____
Instruction No. 27

## KNOWINGLY—DEFINED

An act is done knowingly if the defendant is aware of the act and does not [act]

[fail to act] through ignorance, mistake, or accident. [The government is not required to

prove that the defendant knew that [his] [her] acts or omissions were unlawful.] You may

consider evidence of the defendant's words, acts, or omissions, along with all the other

evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 5.6.

Page 59  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested
Instruction No. 28

INSTRUCTION NO._____

## NECESSITY (LEGAL EXCUSE)

The defendants contend that they acted out of necessity on some of the counts.

Necessity legally excuses the crime charged.

The defendant must prove necessity by a preponderance of the evidence. A

preponderence of the evidence means that you must be persuaded that the things the

defendant seeks to prove are more probably true than not true.

A defendant acts out of necessity only if at the time of the crime charged:

1.    the defendant was faced with a choice of evils and chose the lesser evil;

2.    the defendant acted to prevent imminent harm;

3.    the defendant reasonably anticipated his conduct would prevent such harm;
and

4.    there were no other legal alternatives to violating the law.

If you find that each of these things has been proved by a preponderance of the

evidence, you must find the defendant not guilty.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 6.6 with fifth element
omitted as inapplicable under the manual. "The bracketed fifth element should be used in
cases of escape only;" *United States v. Perdomo-Espana*, 522 F.3d 983, 987-88.
(9th Cir. 2008).

Page 60  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                         INSTRUCTION NO._____
Instruction No. 29


## RELIANCE ON PUBLIC AUTHORITY/ENTRAPMENT BY ESTOPPEL

The defendants rely on reliance public authority in their defense of some of the counts.  A defendant who acts in reliance on public authority does not act knowingly or with the intent to violate the law, and should be found not guilty on such counts.

A defendant acts under public authority if:

(1)    a government employee told the defendant the proscribed conduct was permissible;

(2)    the defendant reasonably relied on the government  employee's statement.

A defendant's reliance is reasonable if "a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries."

In considering whether a defendant actually relied on representations by an official that his conduct would be lawful, you should consider all of the circumstances of their discussion, including the identity of the official, the point of law discussed, the nature of what the defendant told, and was told by, the official, and whether that reliance was reasonable.

//

//


Page 61  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

The burden is on the government to disprove this evidence beyond a reasonable doubt.

Seventh Circuit Pattern Criminal Jury Instr. 6.07 (1999), cited in *United States v. Jumah*, 493 F.3d 868, 872 (7th Cir. 2007).

*United States v. Ramirez-Valencia*, 202 F.3d 1106, 1109 (9th Cir. 2000)

*See also United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 825 (9th Cir.), cert. denied, 471 U.S. 1139, 105 S. Ct. 2684, 86 L. Ed.2d 701 (1985); *United States v. Timmins*, 464 F.2d 385, 387 (9th Cir.1972); *United States v. Lansing*, 424 F.2d 225, 227 (9th Cir.1970)

(The Ninth Circuit Public Authority Instruction, Manual of Model Criminal Jury Instructions 7.3 6.11, is inapplicable because it is limited to circumstances where defendant asserts a defense that he acted at the specific request of a law enforcement agency or federal intelligence agency.)

*See also, United States v. Sayakhom*, 186 F.3d 928 (9th Cir. 1999) (public authority instruction not necessary in fraud case because the court gave an instruction stating, in part, "good faith is a complete defense to the charges in the indictment since good faith on the part of the defendant is inconsistent with knowingly intending to defraud, which is an essential part of the charges.")

Page 62  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                    INSTRUCTION NO._____
Instruction No. 30

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your

[presiding juror] [foreperson] who will preside over the deliberations and speak for you

here in court.

You will then discuss the case with your fellow jurors to reach agreement if you

can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you

have considered all the evidence, discussed it fully with the other jurors, and listened to

the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you

should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only

if each of you can do so after having made your own conscientious decision. Do not

change an honest belief about the weight and effect of the evidence simply to reach a

verdict.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 7.1.

Page 63  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                        INSTRUCTION NO._____
Instruction No. 30A

## DUTY TO DELIBERATE – SPECIFIC ISSUE UNANIMITY

The charges contained in Counts 1, 7, and 9 involve statutes can be violated in

more than one way. Each count alleges alternative means of committing the offense

alleged in that count.  To find a defendant guilty on any of these counts, you must

unanimously agree that the defendant engaged in the same, particular conduct and the

same, particular manner by which that offense can be committed.

*United States v Echeverry*, 719 F. 2d 974 (9th Cir. 1983); *See* Ninth Circuit Manual of
Model Criminal Jury Instructions (2010) § 7.9.

Page 64  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                    INSTRUCTION NO._____
Instruction No. 31

### CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 7.2.

Page 65  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                    INSTRUCTION NO._____
Instruction No. 32

### USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you

should rely on your own memory of what was said.  Notes are only to assist your memory.

You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 7.3.

Page 66  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants' Requested                          INSTRUCTION NO._____
Instruction No. 33

## VERDICT FORM

A verdict form has been prepared for you. [Explain verdict form as needed.]  After

you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson]

should complete the verdict form according to your deliberations, sign and date it, and

advise the [clerk] [bailiff] that you are ready to return to the courtroom.

Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 7.5.

Page 67  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Defendants' Requested                          INSTRUCTION NO._____
Instruction No. 34


## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you

may send a note through the [clerk] [bailiff], signed by any one or more of you.  No

member of the jury should ever attempt to communicate with me except by a signed

writing, and I will respond to the jury concerning the case only in writing or here in open

court.  If you send out a question, I will consult with the lawyers before answering it,

which may take some time.  You may continue your deliberations while waiting for the

answer to any question.  Remember that you are not to tell anyone—including me—how

the jury stands, numerically or otherwise, on any question submitted to you, including the

question of the guilt of the defendant, until after you have reached a unanimous verdict or

have been discharged.


Ninth Circuit Manual of Model Criminal Jury Instructions (2010) § 7.6.

Page 68  - DEFENDANTS' PROPOSED JURY INSTRUCTIONS

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing DEFENDANTS' PROPOSED JURY

INSTRUCTIONS on the following attorneys:

      Frank R. Papagni, Jr.
      Assistant United States Attorney
      United States Attorney's Office
      405 East 8th Avenue
      Suite 2400
      Eugene, OR 97401

      AnneMarie Sgarlata
      Assistant United States Attorney
      United States Attorney's Office
      1000 S.W. Third Avenue
      Suite 600
      Portland, OR 97204

by electronic transmission on the 23rd day of May, 2012.

                RANSOM BLACKMAN LLP


                */s/ Marc D. Blackman*
                MARC D. BLACKMAN
                OSB No. 730338
                [503] 228-0487
                Of Attorneys for Defendant
                Dwight Lincoln Hammond, Jr.

CERTIFICATE OF SERVICE

**RANSOM BLACKMAN** LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984