**1.1  DUTY OF JURY**

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed [written] instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

**Comment**

*See generally* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 3.3 (2004).

Model Jury Instructions for the Ninth Circuit, Section 1.1 (2010)

## 1.2  THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges both defendants as follows:

In Count 1 with Conspiracy to commit the following offenses:

1.      by means of fire, intentionally and maliciously damage or destroy, or attempt to damage or destroy, vehicles and real or personal property, in whole or in part, owned or possessed by, or leased to, the United States or any department or agency; and as a result of such conduct, directly and proximately created a substantial risk of injury to people including but not limited to BLM employees and firefighters Chad Rott, Lisa Megargee, Lance Okeson and Joe Glascock (in violation of Title 18, United States Code, Sections 844(f)(1) and (2), and 844(n));

2.      by use of fire, commit a felony which may be prosecuted in a court of the United States, that is, the willful damage and depredation or attempted damage and depredation in excess of $1,000, against property owned and possessed by the United States, or any department or agency (in violation of Title 18, United States Code, Sections 844(h)(1), 844(m) and 1361); and

3.      by means of fire, intentionally and maliciously damage and destroy, or attempt to damage and destroy, real or personal property used in interstate commerce or in any activity affecting interstate commerce (in violation of Title 18, United States Code, Sections 844(i) and 844(n)).

All the above conduct in violation of Title 18, United States Code, Sections 844(m) and (n).

Defendants are both charged in Counts 2, 3 and 7 with the intentional and malicious damage and destruction, or attempting to damage and destroy, by means of fire, real or personal property, in whole or in part, owned or possessed by or leased to the United States, or any department or agency (in violation of Title 18, United States Code, Sections 2 and 844(f)(1)).

In regard to the offense alleged in Count 7, the government also alleges that as a result of such conduct, defendants directly and proximately created a substantial risk of injury to people, including but not limited to, BLM employees and firefighters Chad Rott, Lisa Megargee, Joe Glascock and Lance Okeson (in violation of Title 18, United States Code, Sections 844(f)(2)).

Defendants are both charged in Counts 4 and 8 with intentionally using fire to commit a felony which may be prosecuted in a court of the United States, that is: the willful damage and depredation, or attempted damage and depredation in excess of $1,000, against property owned and possessed by the United States, or any department or agency (in violation of Title 18, United States Code, Sections 2, 844(h)(1) and 1361).

Defendant Steve Hammond is separately charged in Counts 5 and 6 with the same criminal statutes as alleged in Counts 3 and 4.

Defendant Steve Hammond is also charged in Count 9 with knowingly using intimidation and threats, and attempting to corruptly persuade a BLM employee with the intent to hinder, delay, and prevent such BLM employee's communication to a federal law enforcement officer, information related to the commission or possible commission of the federal offense alleged in Count 7 of the superseding indictment.

The charges against the defendants are contained in the superseding indictment. The superseding indictment simply describes the charges the government brings against the defendant.  The superseding indictment is not evidence and does not prove anything.

The defendants have pleaded not guilty to the charges and are presumed innocent unless and until the government proves each defendant guilty beyond a reasonable doubt. In addition, the defendants have the right to remain silent and never has to prove innocence or to present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes which the government must prove to make its case:

Count 1 - Conspiracy

First, beginning on a date unknown but not later than September 9, 1999 and ending on or about August 24, 2006, there was an agreement between two or more persons to commit at least one or more crimes as charged in Counts 2 through 8 of the superseding indictment; and

Second, each defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act on or after September 9, 1999 for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

Count 2 - Using Fire to Damage United States Property:

1)      that on or about September 30, 2001, the defendant, or a person defendant aided, counseled, commanded, induced or procured, damaged and destroyed or attempted to damage and destroy, by means of fire;

2)      real or personal property owned or possessed by the United States, or any department or agency, as described in the Count 2 of the indictment; and

3)      the defendant acted intentionally, maliciously, or with deliberate disregard of the likelihood that damage or destruction would result from his acts.

<u>Counts 3, 5, and 7 - Use of Fire to Damage or Destroy United States Property</u>:

       1)     that on or about August 22 and 23, 2006, the defendant,

damaged and destroyed or attempted to damage and destroy, by means of fire;

       2)     real or personal property owned or possessed by the United States, or any

department or agency, as described in Counts 3, 5, and 7 of the superseding indictment; and

       3)     the defendant acted intentionally, maliciously, or with deliberate disregard of the

likelihood that damage or destruction would result from his acts.

       4)     With regard to Count 7, the government must also establish whether each

defendant, in committing that offense, created a substantial risk of injury to one or more persons

as named in Count 7 of the superseding indictment.

<u>Counts 4, 6 and 8 - Damage and Depredation in Excess of $1,000 Against United States Property</u>

       First, that on or about August 22 and August 23, 2006, the defendant, by

use of fire, damaged or caused depredation, or attempted to cause damage or depredation against

real or personal property;

       Second, the real or personal property was owned or possessed by the United States, or any

department or agency as described in the superseding indictment; and

       Third, the damage or depredation to United States' property exceeded $1,000.

Count 9 - Witness Tampering

First: That defendant Steven Dwight Hammond knowingly used intimidation, or threatened or corruptly persuaded Joe Glascock, or attempted to do so;

Second: That defendant Steven Dwight Hammond acted with intent to hinder, delay or prevent Joe Glascock from communicating to a federal law enforcement officer, information relating to the commission or possible commission of the offense alleged in Count 7 of the superseding indictment;

Third: That the offense was a federal offense.

Fourth: That defendant Steven Dwight Hammond believed that Joe Glascock might communicate with federal authorities

**Comment**

"Although the Constitution does not require jury instructions to contain any specific language, the instructions must convey both that a defendant is presumed innocent until proven guilty and that he may only be convicted upon a showing of proof beyond a reasonable doubt." *Gibson v. Ortiz*, 387 F.3d 812, 820 (9th Cir.2004), *overruled on other grounds*, *Byrd v. Lewis* 566 F.3d 855 (9th Cir.2009) (citation omitted). "Any jury instruction that reduces the level of proof necessary for the Government to carry its burden is plainly inconsistent with the constitutionally rooted presumption of innocence." *Id.* The words "unless and until" adequately inform the jury of the presumption of innocence. *United States v. Lopez*, 500 F.3d 840, 847 (9th Cir.2007).

Model Jury Instructions for the Ninth Circuit, Section 1.2 (2010)

### 1.3  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

### Comment

"When parties have entered into stipulations as to material facts, those facts will be deemed to have been conclusively established."  *United States v. Houston,* 547 F.2d 104, 107 (9th Cir.1976) (citation omitted).

Model Jury Instructions for the Ninth Circuit, Section 1.3 (2010)

## 1.4  WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in

deciding the facts of this case:

    (1)    statements and arguments of the attorneys;

    (2)    questions and objections of the attorneys;

    (3)    testimony that I instruct you to disregard; and

    (4)    anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

### Comment

The duty to make objections and the effect of rulings on objections are the subject of a separate instruction.  *See* Instruction 1.6 (Ruling on Objections).  *See also* Instruction 3.7 (What Is Not Evidence) and the Comment to that instruction.

Model Jury Instructions for the Ninth Circuit, Section 1.4 (2010)

## 1.5  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.  You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### Comment

"It is the exclusive function of the jury to weigh the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts. . . . Circumstantial and testimonial evidence are indistinguishable insofar as the jury fact-finding function is concerned, and circumstantial evidence can be used to prove any fact."  *United States v. Ramirez-Rodriquez*, 552 F.2d 883, 884 (9th Cir.1977) (quoting *United States v. Nelson*, 419 F.2d 1237, 1239-41 (9th Cir.1969)).  *See also United States v. Kelly*, 527 F.2d 961, 965 (9th Cir.1976); and *Payne v. Borg*, 982 F.2d 335, 339 (9th Cir.1992) (citing *United States v. Stauffer*, 922 F.2d 508, 514 (9th Cir.1990)).

The Committee believes that an instruction on circumstantial evidence generally eliminates the need to explain the same principle in terms of inferences, and that matters such as flight, resistance to arrest, etc., are generally better left to argument of counsel as examples of circumstantial evidence from which the jury may find another fact.  *See United States v. Beltran–Garcia,* 179 F.3d 1200, 1206 (9th Cir.1999) (in discussing jury instruction regarding inferring intent to possess for distribution from quantity of drugs, the Ninth Circuit stated that "[a]lthough the instructions in this case were not delivered in error, we do not hesitate to point out the 'dangers and inutility of permissive inference instructions.'" (citations omitted)), *cert. denied,* 528 U.S. 1097 (2000).  *See also United States v. Rubio–Villareal*, 967 F.2d 294, 300 (9th Cir.1992) (en banc) (disapproved instructing the jury that knowledge of the presence of drugs in a vehicle may be inferred from the defendant being the driver).

It may be helpful to include an illustrative example in the instruction:

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Model Jury Instructions for the Ninth Circuit, Section 1.5 (2010)

## 1.6  RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Model Jury Instructions for the Ninth Circuit, Section 1.6. (2010)

# 1.7  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## Comment

The Committee recommends that the jurors be given some guidelines for determining credibility at the beginning of the trial so that they will know what to look for when witnesses are testifying.

*See also* Instruction 3.9 (Credibility of Witnesses) for the corresponding instruction to be given at the end of the case.

Model Jury Instructions for the Ninth Circuit, Section 1.7 (2010)

## 1.8  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

### Comment

This instruction has been updated specifically to instruct jurors against accessing electronic sources of information and communicating electronically about the case, as well as to inform jurors of the potential consequences if a juror violates this instruction.  An abbreviated instruction should be repeated before the first recess, and as needed before other recesses. *See* Instruction 2.1 (Cautionary Instruction—First Recess).  The practice in federal court of instructing jurors not to discuss the case until deliberations is widespread.  *See, e.g., United States v. Pino-Noriega*, 189 F.3d 1089, 1096 (9th Cir.1999).

Model Jury Instructions for the Ninth Circuit, Section 1.8 (2010)

## 1.9  NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

### Comment

An earlier version of this instruction was modified so as to delete the suggestion that read backs are either unavailable or highly inconvenient.  The practice of discouraging read backs has been criticized in *United States v. Damsky*, 740 F.2d 134, 138 (2d Cir.1984).  *See also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 5.2.D (2004).

Model Jury Instructions for the Ninth Circuit, Section 1.9 (2010)

## 1.10  TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

### Comment

It is well settled in this circuit that the trial judge has discretion to allow jurors to take notes. *United States v. Baker*, 10 F.3d 1374, 1403 (9th Cir.1993).  *See also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 3.4 (2004).

Model Jury Instructions for the Ninth Circuit, Section 1.10 (2010)

**1.11  OUTLINE OF TRIAL**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendants may cross-examine.  Then, if the defendants choose to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

Model Jury Instructions for the Ninth Circuit, Section 1.11 (2010)

## 1.13  SEPARATE CONSIDERATION FOR EACH DEFENDANT

Although the defendants are being tried together, you must give separate consideration to each defendant.  In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against the other defendant.  The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to the other defendant.

### Comment

*See* Instructions 3.12 (Separate Consideration of Single Count—Multiple Defendants) and 3.13 (Separate Consideration of Multiple Counts—Multiple Defendants) for use at the end of the case.

Model Jury Instructions for the Ninth Circuit, Section 1.13 (2010)

## 2.1  CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

Model Jury Instructions for the Ninth Circuit, Section 2.1 (2010)

## 2.2  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.

### Comment

Conducting bench conferences is within the discretion of the court. Regarding the defendant's right to be present at bench conferences, *see* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 1.6 (2004).

Model Jury Instructions for the Ninth Circuit, Section 2.2 (2010)

## 2.7  TRANSCRIPT OF RECORDING

You are about to hear a recording that has been received in evidence.  A transcript of the recording is being provided to help you identify speakers and to help you decide what the speakers say.  Remember that the recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling.  Listen carefully; the transcript will not be available during your deliberations.

### Comment

*See United States v. Franco*, 136 F.3d 622, 626 (9th Cir.1998).

The Committee recommends that this instruction be given immediately before a recording is played so that the jury is alerted to the fact that what they hear is controlling.  It need not be repeated if more than one recording is played. However, the judge should remind the jury that the recording and not the transcript is the evidence and that they should disregard anything in the transcript that they do not hear.  If the instruction is also to be given as part of the closing instructions, it should be modified appropriately.

Model Jury Instructions for the Ninth Circuit, Section 2.7 (2010)

## 2.10  OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You are about to hear evidence that the defendant(s) committed other [crimes] [wrongs] [acts] not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose.  [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.]

### Comment

"Under Federal Rule of Evidence 404(b), evidence of other acts may be admissible to prove, among other things, motive, opportunity, intent, or knowledge.  In order for other act evidence to be admissible, (1) the evidence must tend to prove a material issue in the case, (2) the acts must be similar to the offense charged, (3) proof of the other acts must be based upon sufficient evidence, and (4) the acts must not be too remote in time.  *See United States v. Montgomery*, 150 F.3d 983, 1000 (9th Cir.1998)."  *United States v. Fuchs*, 218 F.3d 957, 965 (9th Cir.2000).  *See also* Fed. R. Evid. 413 and 414 (Evidence of Similar Crimes in Sexual Assault and Child Molestation Cases).

In *Montgomery*, the Ninth Circuit concluded the trial court's giving of the following limiting instruction supported a finding that admitting the other acts evidence was not an abuse of discretion:  "You have heard evidence that defendant [ ] has previously been convicted of conspiracy to manufacture methamphetamine.  You may consider that evidence only as it bears on intent, knowledge, or lack of mistake and for no other purpose.  You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial."  *Montgomery*, 150 F.3d at 1001.

Such a limiting instruction must be given if requested, Fed. R. Evid. 105, and it may be appropriate to give such an instruction *sua sponte*.  Nonetheless, it is "well-settled that where no limiting instruction is requested concerning evidence of other criminal acts, the failure of the trial court to give such an instruction *sua sponte* is not reversible error."  *United States v. Multi-Management, Inc.*, 743 F.2d 1359, 1364 (9th Cir.1984).'

Model Jury Instructions for the Ninth Circuit, Section 2.10 (2010)

## 2.11  EVIDENCE FOR LIMITED PURPOSE

You are about to hear evidence that [*describe evidence to be received for limited purpose*].  I instruct you that this evidence is admitted only for the limited purpose of [*describe purpose*] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

### Comment

Federal Rule of Evidence 105 provides that when evidence is admitted for a limited purpose, the court, when requested, must provide a limiting instruction.  Furthermore, the court must provide an appropriate limiting instruction *sua sponte* if failure to do so would affect the defendant's "substantial rights."  *See United States v. Armijo*, 5 F.3d 1229, 1232 (9th Cir.1993). For example, in *United States v. Sauza-Martinez*, 217 F.3d 754, 760 (9th Cir.2000), the Ninth Circuit held the trial court "had no alternative" but to give the jury a limiting instruction *sua sponte* when a testifying co-defendant's post-arrest statements were admitted as substantive evidence against her under Fed. R. Evid. 801(d)(2)(A), but were not admissible against another co-defendant "under *any* theory" (emphasis in original). Under the circumstances of the case, it was plain error to fail to give the limiting instruction *sua sponte*.  *Id.* at 761.

The Committee recommends judges use limiting instructions whenever evidence is received for a limited purpose. "We have repeatedly held that a district court's careful and frequent limiting instructions to the jury, explaining how and against whom certain evidence may be considered, can reduce or eliminate any possibility of prejudice arising from a joint trial." *United States v. Fernandez*, 388 F.3d 1199, 1243 (9th Cir.2004) (internal citations omitted).

Model Jury Instructions for the Ninth Circuit, Section 2.11 (2010)

## 2.12  PHOTOS OF DEFENDANTS - "MUGSHOTS"

You have heard evidence that a photo of each defendant was shown to one or more of the government's witnesses.  You may consider this evidence only for identification purposes and not for any other purpose.  [Because the government obtains photos of many people from many different sources and for many different purposes, you must not infer the defendant committed this or any other crime from the fact that the government obtained and displayed the defendant's photo.]

### Comment

*See United States v. Monks,* 774 F.2d 945, 954-55 (9th Cir.1985), in which the Ninth Circuit held the trial court did not abuse its discretion in denying a motion for mistrial after the defendant declined the trial court's offer of a limiting instruction to address a witness's unintentional reference to a photo lineup as "mugshots."

Model Jury Instructions for the Ninth Circuit, Section 2.12 (2010)

## 3.1  DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

### Comment

*See* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 4.5 (2004).

Model Jury Instructions for the Ninth Circuit, Section 3.1 (2010)

## 3.2  CHARGE AGAINST DEFENDANT

## NOT EVIDENCE—PRESUMPTION OF
## INNOCENCE—BURDEN OF PROOF

The superseding indictment is not evidence.  The defendants have pleaded not guilty to the charges.  The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.  In addition, the defendants do not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

### Comment

The trial judge has wide discretion as to whether the jury should be provided with a copy of the indictment for use during jury deliberations.  The Ninth Circuit has said that when a district judge permits the jury to have a copy of the indictment, the court should caution the jury that the indictment is not evidence.  *See United States v. Utz*, 886 F.2d 1148, 1151–52 (9th Cir.1989) (permissible to give each juror a copy of the indictment if judge cautions jury that indictment is not evidence).

In *United States v. Garcia-Guizar*, 160 F.3d 511, 523 (9th Cir.1998), the Ninth Circuit held that failure to give a presumption-of-innocence instruction at the end of the case is not plain error.  Nonetheless, "it is preferable for the court" to give one "when charging the jury." *Id.* "Although the Constitution does not require jury instructions to contain any specific language," the instructions must convey both that a defendant is presumed innocent until proven guilty and that he may only be convicted upon a showing of proof beyond a reasonable doubt." *Gibson v. Ortiz,* 387 F.3d 812, 820 (9th Cir.2004), *overruled on other grounds*, *Byrd v. Lewis* 566 F.3d 855 (9th Cir.2009) (citing *Victor v. Nebraska*, 511 U.S. 1, 5 (1994)).  "Any jury instruction that reduces the level of proof necessary for the Government to carry its burden is plainly inconsistent with the constitutionally rooted presumption of innocence." *Id.*  The words "unless and until" adequately inform the jury of the presumption of innocence.  *United States v. Lopez*, 500 F.3d 840, 847 (9th Cir.2007).

*See also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 4.6 (2004).

Model Jury Instructions for the Ninth Circuit, Section 3.2 (2010)

### 3.3  DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

### Comment

Although the Committee recommends this instruction be given in every criminal case in which the defendant does not testify, "[i]t may be wise for a trial judge not to give such a cautionary instruction over a defendant's objection."  *Lakeside v. Oregon*, 435 U.S. 333, 340-41 (1978).  If the instruction is requested by the defendant, it must be given.  *Carter v. Kentucky*, 450 U.S. 288 (1981); *see also United States v. Soto*, 519 F.3d 927, 930 (9th Cir.2008).

Model Jury Instructions for the Ninth Circuit, Section 3.3 (2010)

### 3.4  DEFENDANT'S DECISION TO TESTIFY

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

**Comment**

*See* Instruction 3.3 (Defendant's Decision Not to Testify) if the defendant does not testify.

Model Jury Instructions for the Ninth Circuit, Section 3.4 (2010)

## 3.5  REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that a defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find a defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant guilty.

### Comment

The Ninth Circuit has held that giving the language of this model instruction "did not constitute plain error."  *United States v. Ruiz*, 462 F.3d 1082, 1087 (9th Cir.2006) (citing *United States v. Nelson*, 66 F.3d 1036, 1045 (9th Cir.1995)).  Nonetheless, "[t]he Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof."  *Id.* (citing *United States v. Artero*, 121 F.3d 1256, 1258 (9th Cir.1997)).  In addition, the Ninth Circuit has expressly approved a reasonable doubt instruction that informs the jury that the jury must be "firmly convinced" of the defendant's guilt.  *United States v. Velasquez*, 980 F.2d 1275, 1278 (9th Cir.1992).

In *Victor v. Nebraska*, 511 U.S. 1, 5 (1994), the Court held that any reasonable doubt instruction must (1) convey to the jury that it must consider only the evidence, and (2) properly state the government's burden of proof.  *See also Gibson v. Ortiz*, 387 F.3d 812, 820 (9th Cir.2004), *overruled on other grounds by Byrd v. Lewis*, 566 F.3d 855 (9th Cir.2009), and *United States v. Ramirez*, 136 F.3d 1209, 1213-14 (9th Cir.1998).

Model Jury Instructions for the Ninth Circuit, Section 3.5 (2010)

## 3.6  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)      the sworn testimony of any witness; and

(2)      the exhibits received in evidence; and

(3)      any facts to which the parties have agreed.


### Comment

"When parties have entered into stipulations as to material facts, those facts will be deemed to have been conclusively established."  *United States v. Houston,* 547 F.2d 104, 107 (9th Cir.1976).

Model Jury Instructions for the Ninth Circuit, Section 3.6 (2010)

### 3.7  WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in

evidence.  The following things are not evidence and you may not consider them in deciding

what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.
The lawyers are not witnesses.  Although you must consider a lawyer's questions to
understand the answers of a witness, the lawyer's questions are not evidence.  Similarly,
what the lawyers have said in their opening statements, [will say in their] closing
arguments and at other times is intended to help you interpret the evidence, but it is not
evidence.  If the facts as you remember them differ from the way the lawyers state them,
your memory of them controls.

2.  Any  testimony that I have excluded, stricken, or instructed you to disregard is not
evidence.  [In addition, some evidence was received only for a limited purpose; when I
have instructed you to consider certain evidence in a limited way, you must do so.]

3.  Anything you may have seen or heard when the court was not in session is not
evidence. You are to decide the case solely on the evidence received at the trial.

### Comment

*See* Comment to Instruction 2.11 (Evidence for Limited Purpose) regarding case law on
limiting instructions.
"A jury's exposure to extrinsic evidence deprives a defendant of the rights to
confrontation, cross-examination, and assistance of counsel embodied in the Sixth Amendment."
*Raley v. Ylst*, 470 F.3d 792, 803 (9th Cir.2006) (citing *Lawson v. Borg*, 60 F.3d 608, 612 (9th
Cir.1995)).
Supplemental instructions to the jury may be proper when counsel's arguments to the jury
are legally erroneous or inflammatory.  *See United States v. Blixt*, 548 F.3d 882, 890 (9th
Cir.2008).

Model Jury Instructions for the Ninth Circuit, Section 3.7 (2010)

# 3.8  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## Comment

"[I]t is the exclusive function of the jury to weigh the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts.  Circumstantial and testimonial evidence are indistinguishable insofar as the jury fact-finding function is concerned, and circumstantial evidence can be used to prove any fact."  *United States v. Ramirez-Rodriquez*, 552 F.2d 883, 884 (9th Cir.1977) (citations omitted).  *See also United States v. Kelly*, 527 F.2d 961, 965 (9th Cir.1976); and *Payne v. Borg*, 982 F.2d 335, 339 (9th Cir.1992).

The Committee believes that an instruction on circumstantial evidence generally eliminates the need to explain the same principle in terms of inferences.  Thus, the Committee recommends against giving instructions on matters such as flight, resistance to arrest, a missing witness, failure to produce evidence, false or inconsistent exculpatory statements, failure to respond to accusatory statements, and attempts to suppress or tamper with evidence.  These matters are generally better left to argument of counsel as examples of circumstantial evidence from which the jury may find another fact.  *See United States v. Beltran–Garcia,* 179 F.3d 1200, 1206 (9th Cir.1999) (in discussing jury instruction regarding inferring intent to possess to possess for distribution from quantity of drugs, the Ninth Circuit stated that "[a]lthough the instructions in this case were not delivered in error, we do not hesitate to point out the 'dangers and inutility of permissive inference instructions.'" (citations omitted)), *cert. denied*, 528 U.S. 1097 (2000).  *See also United States v. Rubio–Villareal*, 967 F.2d 294, 300 (9th Cir.1992) (en banc) (Ninth Circuit disapproved of instructing the jury that knowledge of the presence of drugs in a vehicle may be inferred from the defendant being the driver).

It may be helpful to include an illustrative example in the instruction.  If so, consider the following:

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Model Jury Instructions for the Ninth Circuit, Section 3.8 (2010)

## 3.9  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)      the witness's opportunity and ability to see or hear or know the things testified to;

(2)      the witness's memory;

(3)      the witness's manner while testifying;

(4)      the witness's interest in the outcome of the case, if any;

(5)      the witness's bias or prejudice, if any;

(6)      whether other evidence contradicted the witness's testimony;

(7)      the reasonableness of the witness's testimony in light of all the evidence; and

(8)      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Model Jury Instructions for the Ninth Circuit, Section 3.9 (2010)

## 3.10  ACTIVITIES NOT CHARGED

You are here only to determine whether each defendant is guilty or not guilty of the charges in the superseding indictment.  The defendants are not on trial for any conduct or offense not charged in the superseding indictment.

### Comment

When evidence has been introduced during trial pursuant to Fed. R. Evid. 404(b), also use Instruction 4.3 (Other Crimes, Wrongs or Acts of Defendant).

Model Jury Instructions for the Ninth Circuit, Section 3.10 (2010)

## 3.13  SEPARATE CONSIDERATION OF MULTIPLE COUNTS—MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial.  You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count [unless a specific instruction states that it applies only to a specific [defendant] [count]].

### Comment

Use this instruction when there is more than one defendant charged with multiple counts. If the case involves multiple defendants charged with the same count, use  Instruction 3.12 (Separate Consideration of Single Count—Multiple Defendants) instead.  If one defendant has been charged with multiple counts, use Instruction 3.11 (Separate Consideration of Multiple Counts—Single Defendant).

Model Jury Instructions for the Ninth Circuit, Section 3.13 (2010)

## 3.15  CORRUPTLY—DEFINED

### Comment

Consult each statute that uses the term "corruptly" for the meaning of the term because

"corruptly" is capable of different meanings in different statutory contexts.

For example:

In a prosecution under 18 U.S.C. § 1512(b)(2)(A) or (B) (making it a crime to "knowingly . . . or corruptly persuade[ ] another person . . . with intent to . . . cause [the] person" to "withhold" or "alter" documents for use in "an official proceeding") the term "corruptly" must reflect some consciousness of wrongdoing.  *Arthur Andersen LLP v. United States*, 544 U.S. 696, 704-06 (2005).

In a prosecution under 26 U.S.C. § 7212(a) (making it a crime to "corruptly" endeavor to intimidate or impede the administration of tax laws), "the district court correctly instructed the jury that 'corruptly' means 'performed with the intent to secure an unlawful benefit for oneself or another.'" *United States v. Massey*, 419 F.3d 1008, 1010 (9th Cir.2005) (citing *United States v. Workinger,* 90 F.3d 1409, 1414 (9th Cir.1996)).

In a prosecution under 18 U.S.C. § 201(b)(2)(B) (making it a crime to "corruptly" receive something of value in return for being influenced in the performance of an official act), the district court properly rejected a defendant's requested instruction that would have required the government to prove an official acts "corruptly" when the official uses his official position to commit or aid in the commission of fraud.  *United States v. Leyva,* 282 F.3d 623, 625 (9th Cir.), *cert. denied*, 536 U.S. 912 (2002).

In *United States v. Sanders*, 421 F.3d 1044 (9th Cir.2005), the Ninth Circuit noted it had not yet ruled as to whether a defendant violates 18 U.S.C. § 1512(b) when he "corruptly persuades" others to invoke their Fifth Amendment right to remain silent.  *Id.* at 1050-51. Section 1512 does not apply where a defendant's efforts to persuade a witness to exercise a legal right or privilege not to testify are not "corrupt." *United States v. Doss*, __ F.3d ___, 2011 WL 871391 (9th Cir. March 15, 2011).  "[T]here is a difference in approach among the circuits about whether merely attempting to persuade a witness to withhold cooperation or not to disclose information to law enforcement officials—as opposed to actively lying—falls within the ambit of § 1512(b)." *United States v. Khatami*, 280 F.3d 907, 913 (9th Cir.2002).

*Approved 4/2011*

# 4.1  STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

## Comment

This instruction uses the word "statement" in preference to the more pejorative term, "confession." The word "confession" implies an ultimate conclusion about the significance of a defendant's statement, which should be left for the jury to determine.  The language of this instruction was expressly approved in *United States v. Hoac*, 990 F.2d 1099, 1108 n.4 (9th Cir.1993).

When voluntariness of a confession is an issue, the instruction is required by 18 U.S.C. § 3501(a), providing that after a trial judge has determined a confession to be admissible, the judge "shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances." *See also United States v. Dickerson*, 530 U.S. 428, 432 (2000) (holding that *Miranda v. Arizona*, 384 U.S. 436 (1966), and its progeny govern the admissibility of an accused person's statement  during custodial interrogation and could not be in effect overruled by § 3501).  Section 3501(e) defines "confession" as "any confession of guilt of any criminal offense or any self-incriminating statement made or given orally or in writing." *See Hoac*, 990 F.2d at 1107 (where a defendant raises a genuine issue at trial concerning the voluntariness of a statement, the trial court is obligated by statute to instruct the jury concerning the weight to be accorded that statement).  Failure to give the required instruction may constitute plain error. *Id.* at 1109.

Model Jury Instructions for the Ninth Circuit, Section 4.1 (2010)

## 4.3  OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose.  [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.]

### Comment

*See* Fed. R. Evid. 404(b).  Evidence of other crimes, wrongs or acts may be admissible for one purpose but not another; therefore, this instruction is required by Fed. R. Evid. 105 ("When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.")  *See also* Instruction 4.6 and the Comment thereto (Impeachment, Prior Conviction of Defendant), and the Comment to Instruction 2.10 (Other Crimes, Wrongs or Acts of Defendant).

Model Jury Instructions for the Ninth Circuit, Section 4.3 (2010)

## 4.6  IMPEACHMENT, PRIOR CONVICTION OF DEFENDANT

You have heard evidence that the defendant has previously been convicted of a crime.

You may consider that evidence only as it may affect the defendant's believability as a witness.

You may not consider a prior conviction as evidence of guilt of the crime for which the

defendant is now on trial.

### Comment

*See* Fed. R. Evid. 609 (Impeachment by Evidence of Conviction of Crime).  The court must give such a limiting instruction if requested by the defendant.  Fed. R. Evid. 105 (Limited Admissibility).  However, the failure of a trial court to give such an instruction *sua sponte* is not reversible error.  *United States v. Multi-Management, Inc.*, 743 F.2d 1359, 1364 (9th Cir.1984).

If past crimes of the defendant are to be used for another purpose—such as proving an element of a habitual offender charge, or establishing intent—that limited purpose should similarly be identified.  *See* Instruction 4.3 (Other Crimes, Wrongs or Acts of Defendant).

Model Jury Instructions for the Ninth Circuit, Section 4.6 (2010)

## 4.11  EYEWITNESS IDENTIFICATION

You have heard testimony of eyewitness identification.  In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:

(1)    the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting and distance;

(2)    whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

(3)    any inconsistent identifications made by the eyewitness;

(4)    the witness's familiarity with the subject identified;

(5)    the strength of earlier and later identifications;

(6)    lapses of time between the event and the identification[s]; and

(7)    the totality of circumstances surrounding the eyewitness's identification.

### Comment

Generally, the Ninth Circuit has not required a cautionary instruction regarding eyewitness testimony.  *See People of the Territory of Guam v. Dela Rosa*, 644 F.2d 1257, 1261 (9th Cir.1981); *United States v. Cassasa*, 588 F.2d 282, 285 (9th Cir.1978).  Since 1989, the Committee has recommended against the giving of an eyewitness identification instruction because it believes that the general witness credibility instruction is sufficient.  *See, e.g.*, MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT, Instruction 4.13 (1989).  If the district court determines that an eyewitness identification instruction is

appropriate, in addition to the general witness credibility instruction, the Committee recommends that this instruction be given.

The Ninth Circuit has approved the giving of a comprehensive eyewitness jury instruction where the district court has determined that proffered expert witness testimony regarding eyewitness identification should be excluded. *See*, *e.g.*, *United States v. Hicks*, 103 F.3d 837, 847 (9th Cir.1996), *overruled on other grounds, United States v. W.R. Grace*, 526 F.3d 499 (9th Cir.2008) ("The district court may exercise its discretion to exclude expert testimony if it finds that . . . the trier of fact . . . [would] be better served through a . . . comprehensive jury instruction."); *United States v. Rincon*, 28 F.3d 921, 925-26 (9th Cir.1994).

Model Jury Instructions for the Ninth Circuit, Section 4.11 (2010)

## 4.14  OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

### Comment

*See* Fed. R. Evid. 701-05.  *See also United States v. Mendoza*, 244 F.3d 1037, 1048 (9th Cir.2001) (instruction should be given when requested by the defendant).

Model Jury Instructions for the Ninth Circuit, Section 4.14 (2010)

## 4.15  SUMMARIES NOT RECEIVED IN EVIDENCE

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

### Comment

This instruction applies only when the charts and summaries are not admitted in evidence and are used for demonstrative purposes.  *See United States v. Krasn*, 614 F.2d 1229, 1238 (9th Cir.1980).  If the charts and summaries are admitted in evidence, it may be appropriate to instruct the jury using Instruction 4.16 (Charts and Summaries in Evidence).  *See also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.10 (2004).

Model Jury Instructions for the Ninth Circuit, Section 4.15 (2010)

## 4.16  CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

### Comment

*See* Fed. R. Evid. 1006.

Use this instruction when charts and summaries are admitted in evidence.  If charts and summaries are not admitted in evidence, use Instruction 4.15 (Summaries Not Received in Evidence).

This instruction may be unnecessary if there is no dispute as to the accuracy of the chart or summary.

Model Jury Instructions for the Ninth Circuit, Section 4.16 (2010)

## 5.1  AIDING AND ABETTING

A defendant may be found guilty of using fire to intentionally and maliciously damage or destroy property of the United States, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, using fire to intentionally and maliciously damage or destroy United States property, was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of using fire to intentionally and maliciously damage or destroy United States property; and

Third, the defendant acted before the crime was completed.  It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person intentionally and maliciously damage or destroy property of the United States.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

### Comment

*See United States v. Lopez*, 484 F.3d 1186, 1199 (9th Cir.2007) (en banc), citing this instruction ("to obtain a conviction for aiding and abetting, the government must prove beyond a reasonable doubt that, *inter alia,* the defendant 'knowingly and intentionally aided, counseled, commanded, induced or procured [the principal] to commit each element' of the crime charged").

An aiding and abetting instruction is proper even where the indictment does not specifically charge that offense, since all indictments are read to embody that offense in each count. *United States v. Vaandering*, 50 F.3d 696, 702 (9th Cir.1995); *United States v. Armstrong*, 909 F.2d 1238, 1241-42 (9th Cir.1990); *United States v. Jones*, 678 F.2d 102, 104 (9th Cir.1982). *See also United States v. Gaskins*, 849 F.2d 454, 459 (9th Cir.1988); *United States v. Sayetsitty,* 107 F.3d 1405, 1412 (9th Cir.1997).

A person may be convicted for aiding and abetting despite the prior acquittal of the principal. *Standefer v. United States,* 447 U.S. 10, 20 (1980); *United States v. Mejia-Mesa*, 153 F.3d 925, 930 (9th Cir.1998).  Moreover, the principal need not be named or identified; it is necessary only that the offense was committed by somebody and that the defendant intentionally did an act to help in its commission.  *Mejia-Mesa*, 153 F.3d at 930 (citing *Feldstein v. United States,* 429 F.2d 1092, 1095 (9th Cir.1970)).  It is necessary, however, that the government prove that the defendant aided and abetted in each essential element of the offense.  *Jones,* 678 F.2d at 105-06.  For example, when a defendant is charged with aiding and abetting another in carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), the government must prove both that the defendant knowingly aided and abetted the use or carrying of the firearm and knowingly aided and abetted the commission of the related crime of violence. *United States v. Bancalari*, 110 F.3d 1427, 1429-30 (9th Cir.1997).  *See* Instruction 8.71 (Firearms—Using or Carrying in Commission of Crime of Violence or Drug Trafficking Crime).

Aiding and abetting is not a separate and distinct offense from the underlying substantive crime, but is a different theory of liability for the same offense.  *United States v. Garcia*, 400 F.3d 816, 820 (9th Cir.2005).  No specific unanimity instruction on the issue of who acted as principal or aider and abettor is necessary (*id.*), nor does the jury need to reach unanimous agreement on the manner (e.g. "procured," "aided," "abetted," "counseled," "induced," or "commanded") by which the defendant provided assistance.  *United States v. Kim*, 196 F.3d 1079, 1083 (9th Cir.1999).

The last paragraph of this instruction has been expressly approved in *Vaandering*, 50 F.3d at 702. It may be unnecessary to give the last paragraph if there is no dispute as to the identity of the principal and the aider and abettor.

Model Jury Instructions for the Ninth Circuit, Section 5.1 (2010)

## 5.3  ATTEMPT

Both defendants are charged in Counts 2, 3, and 7, and defendant Steven Hammond

solely in Count 5 of the superseding indictment, with attempting to damage and destroy by means

of fire, United States property in violation of Title 18, United States Code, Sections 844(f)(1) and

(2) ((f)(2) applies to Count 7 only).  Additionally, both defendants are charged in Counts 4 and 8,

and defendant Steve Hammond solely in Count 6 of the superseding indictment, with the

attempted Depredation and Damage in Excess of $1,000 against United States property in

violation of Title 18, United States Code, Sections 844(h)(1) and 1361.  In order for each

defendant to be found guilty of each charge against them, the government must prove each of the

following elements beyond a reasonable doubt:

First, that the defendant intended to

1.       by means of fire(s), intentionally and maliciously damage or destroy, or attempt

to damage or destroy, vehicles and real or personal property, in whole or in part, owned or

possessed by, or leased to, the United States or any department or agency thereof; as charged in

Counts 2, 3, 5, and 7 of the Superseding; and in regard to Count 7 only, as a result of such

conduct, directly and proximately created a substantial risk of injury to people including but not

limited to BLM employees and firefighters Chad Rott, Lisa Megargee, Lance Okeson and Joe

Glascock,;

2.       by use of fire(s), commit a felony which may be prosecuted in a court of the

United States, to wit: the willful damage and depredation or attempted damage and depredation

in excess of $1,000, against property owned and possessed by the United States, or any

department or agency thereof in violation of Title 18, United States Code, Sections 844(h)(1) and 1361; and

Second, the defendant did something that was a substantial step toward committing the crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

## Comment

"To attempt a federal crime is not, of itself, a federal crime. Attempt is only actionable when a specific federal criminal statute makes it impermissible to attempt to commit the crime." *United States v. Anderson*, 89 F.3d 1306, 1314 (6th Cir.1996) (citations omitted). *See also United States v. Hopkins*, 703 F.2d 1102, 1104 (9th Cir.1983) ("There is no general federal 'attempt' statute. A defendant therefore can only be found guilty of an attempt to commit a federal offense if the statute defining the offense also expressly proscribes an attempt." (citations omitted)). However, many federal statutes defining crimes also expressly proscribe attempts.

"[A]ttempt is a term that at common law requires proof that the defendant had the specific intent to commit the underlying crime and took some overt act that was a substantial step toward committing that crime." *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1192 (9th Cir.2000) (en banc). To be a substantial step "actions must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances." *United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir.2007). Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime. *United States v. Hofus*, 598 F.3d 1171, 1176 (9th Cir.2010).

"[A] person may be convicted of an attempt to commit a crime even though that person may have actually completed the crime." *United States v. Rivera-Relle*, 333 F.3d 914, 921 (9th Cir.), *cert. denied*, 540 U.S. 977 (2003).

Model Jury Instructions for the Ninth Circuit, Section 5.3 (2010)

## 5.6  KNOWINGLY—DEFINED


An act is done knowingly if the defendant is aware of the act and does not [act] [fails to act] through ignorance, mistake, or accident.  [The government is not required to prove that the defendant knew that his acts or omissions were unlawful].  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.


### Comment

The second sentence of this instruction should not be given where an element of the offense requires the government to prove that the defendant knew that what the defendant did was unlawful.  *See United States v. Santillan*, 243 F.3d 1125, 1129 (9th Cir.2001) (violation of Lacey Act); *United States v. Turman*, 122 F.3d 1167, 1169 (9th Cir.1997) (money laundering case).

Model Jury Instructions for the Ninth Circuit, Section 5.6 (2010)

## 6.10  MERE PRESENCE


Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of [*specify crime charged*]. The defendant must be a participant and not merely a knowing spectator.  The defendant's presence may be considered by the jury along with other evidence in the case.


### Comment

Such a "mere presence" instruction is unnecessary if the government's case is not solely based on the defendant's presence and the jury has been instructed on the elements of the crime. *See United States v. Tucker*, 641 F.3d 1110 (9th Cir.2011); *see also United States v. Gooch*, 506 F.3d 1156, 1160 (9th Cir.2007).

Model Jury Instructions for the Ninth Circuit, Section 6.10 (2010)

## 7.1  DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### Comment

Ordinarily, the "general unanimity instruction suffices to instruct the jury that they must be unanimous on whatever specifications form the basis of the guilty verdict." *United States v. Lyons*, 472 F.3d 1055, 1068 (9th Cir.2007) (quoting *United States v. Kim*, 196 F.3d 1079, 1082 (9th Cir.1999)).  A specific unanimity instruction is required if it appears that there is a "genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts." *Id*. (citing *United States v. Anguiano*, 873 F.2d 1314, 1319 (9th Cir.1989)) (internal quotation marks omitted).  A specific unanimity instruction may also be necessary in certain circumstances to avoid constitutional error.  *See United States v. Ramirez*, 537 F.3d 1075, 1083 (9th Cir.2008) (trial court appropriately instructed jury it must unanimously reject self-defense theory in order to find defendant guilty).  For further discussion of when a specific unanimity instruction is needed, *see* Comment at 7.9 (Specific Issue Unanimity).

Model Jury Instructions for the Ninth Circuit, Section 7.1 (2010)

## 7.2  CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

Model Jury Instructions for the Ninth Circuit, Section 7.2 (2010)

**7.3  USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Model Jury Instructions for the Ninth Circuit, Section 7.3 (2010)

## 7.4  JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Model Jury Instructions for the Ninth Circuit, Section 7.4 (2010)

## 7.5  VERDICT FORM

A verdict form has been prepared for you. [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Model Jury Instructions for the Ninth Circuit, Section 7.5 (2010)

### 7.6  COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

### Comment

In *United States v. Southwell,* 432 F.3d 1050, 1052-53 (9th Cir.2005), the Ninth Circuit noted:

> "The necessity, extent and character of additional [jury] instructions are matters within the sound discretion of the trial court." *Wilson v. United States*, 422 F.2d 1303, 1304 (9th Cir.1970) (per curiam).  That discretion is abused, however, when the district court fails to answer a jury's question on a matter that is not fairly resolved by the court's instructions. Because it is not always possible, when instructing the jury, to anticipate every question that might arise during deliberations, "the district court has the responsibility to eliminate confusion when a jury asks for clarification of a particular issue." *United States v. Hayes,* 794 F.2d 1348, 1352 (9th Cir.1986); *see also Bollenbach v. United States,* 326 U.S. 607, 612-13 (1946) ("When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy.").

Model Jury Instructions for the Ninth Circuit, Section 7.6 (2010)

## 8.20 CONSPIRACY—ELEMENTS

The defendants are charged in Count 1 of the superseding indictment with conspiring to commit arson  in violation of  Title 18, United States Code, Sections 844(m) and (n).  In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on a date unknown but not later than September 9, 1999 and ending on or about August 24, 2006, there was an agreement between two or more persons to commit one or more of the following offenses:

1.      by means of fire(s), intentionally and maliciously damage and destroy, or attempt to damage and destroy, vehicles and real or personal property, in whole or in part, owned or possessed by, or leased to, the United States or any department or agency thereof; and

as a result of such conduct, directly and proximately created a substantial risk of injury to people including but not limited to BLM employees and firefighters Chad Rott, Lisa Megargee, Lance Okeson and Joe Glascock, in violation of Title 18, United States Code, Sections 844(f)(1) and (2), and 844(n);

2.      by use of fire(s), commit a felony which may be prosecuted in a court of the United States, to wit: the willful damage and depredation or attempted damage and depredation in excess of $1,000, against property owned and possessed by the United States or any department or agency thereof, in violation of Title 18, United States Code, Sections 844(h)(1), 844(m) and 1361; and

3.      by means of fire(s), intentionally and maliciously damage and destroy, or attempt to damage and destroy, real or personal property used in interstate commerce or in any activity affecting interstate commerce, in violation of Title 18, United States Code, Sections 844(i) and 844(n); and

Second, each defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act on or after September 9, 1999 for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in Counts 2 through 8 the superseding indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other

hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendants personally did one of the overt acts.

### Comment

When the charged offense is conspiracy to defraud the United States (or any agency thereof) under the "defraud clause" of 18 U.S.C. § 371, use Instruction 8.21 (Conspiracy to Defraud the United States) in place of this general conspiracy instruction.

"To prove a conspiracy under 18 U.S.C. § 844(m) and (n), the government must establish: (1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime." *United States v. Montgomery,* 384 F.3d 1050, 1062 (9th Cir.2004) (citation and internal quotation marks omitted). "The agreement need not be explicit; it is sufficient if the conspirators knew or had reason to know of the scope of the conspiracy and that their own benefits depended on the success of the venture." *Id.* (citing *United States v. Romero,* 282 F.3d 683, 687 (9th Cir.2002)).

With respect to the first element in this instruction, if other jury instructions do not set out the elements of the crimes alleged to be objects of the conspiracy, the elements must be included in this or an accompanying instruction. *United States v. Alghazouli*, 517 F.3d 1179, 1189 (9th Cir.), *cert. denied*, 129 S. Ct. 237 (2008). Nevertheless, conspiracy to commit a crime "does not require completion of the intended underlying offense." *United States v. Iribe*, 564 F.3d 1155, 1160–61 (9th Cir.2009).

Use the third element in this instruction only if the applicable statute requires proof of an overt act, *e.g.*, 18 U.S.C. § 371 (first clause) or 18 U.S.C. § 1511(a) (conspiracy to obstruct state or local law enforcement), but omit the third element when the applicable statute does not require proof of an overt act. *See Whitfield v. United States,* 543 U.S. 209, 212–15 (2005) (proof of overt act not necessary for conspiracy to commit money laundering); and *United States v. Shabani,* 513 U.S. 10, 15-16 (1994) (proof of overt act not necessary for conspiracy to violate drug statutes).

When there is evidence that an overt act occurred outside the applicable limitations period, include the bracketed material within the third element.  *See United States v. Fuchs*, 218 F.3d 957, 961–62 (9th Cir.2000) (plain error not to require jury to find that overt act occurred within the statute of limitations).

*See* Instruction 7.9 (Specific Issue Unanimity).

The Supreme Court has held that "[a] conspiracy does not automatically terminate simply because the Government, unbeknownst to some of the conspirators, has 'defeated' the conspiracy's 'object'." *United States v. Jimenez Recio*, 537 U.S. 270, 274 (2003).

Model Jury Instructions for the Ninth Circuit, Section 8.20 (2010)

## 8.23  CONSPIRACY—KNOWLEDGE OF AND

## ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) a defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) a defendant knew or had reason to know that other conspirators were involved with those with whom he directly conspired; and

(3) a defendant had reason to believe that whatever benefits he might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

### Comment

A person may be a member of a conspiracy even though the person does not know all of the purposes of or participants in the conspiracy.  *United States v. Escalante,* 637 F.2d 1197, 1200 (9th Cir.1980); *United States v. Kearney,* 560 F.2d 1358, 1362 (9th Cir.1977).

A single conspiracy can be established even though it took place during a long period of time during which new members joined and old members dropped out. *United States v. Green,*

523 F.2d 229, 233 (2d Cir.1975).  *See also United States v. Perry*, 550 F.2d 524, 528 (9th Cir.1997) (holding that the law of conspiracy does not require the government "to prove that all of the defendants met together at the same time and ratified the illegal scheme"); *United States v. Thomas*, 586 F.2d 123, 132 (9th Cir.1978) (holding that proof that the defendant "knew he was plotting in concert with others to violate the law was sufficient to raise the necessary inference that he joined in the overall agreement").

To prove a conspiracy "the evidence must show that 'each defendant knew, or had reason to know, that his benefits were probably dependent on the success of the entire operation.'" *United States v. Duran*, 189 F.3d 1071, 1080 (9th Cir.1999) (quoting *United States v. Kearney*, 560 F.2d 1358, 1362 (9th Cir.1977)).

Model Jury Instructions for the Ninth Circuit, Section 8.23 (2010)

**Title 18, United States Code, Sections 2 and 844(f)(1)**

**(Hardie-Hammond Arson - Count 2)**

Defendants Steven Dwight Hammond and Dwight Lincoln Hammond are charged in Count 2 of the superseding indictment with intentionally and maliciously damaging and destroying, or attempting to damage and destroy, and aiding and abetting the damage and destruction, by means of fire, property owned or possessed by the United States, or any department or agency thereof, in violation of Title 18, United States Code, Sections 2 and 844(f)(1).

In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1)       that on or about September 30, 2001, the defendant, or a person defendant aided, counseled, commanded, induced or procured, damaged and destroyed or attempted to damage and destroy, by means of fire;

2)       real or personal property owned or possessed by the United States, or any department or agency thereof, as described in the Count 2 of the indictment; and

3)       the defendant acted intentionally, maliciously, or with deliberate disregard of the likelihood that damage or destruction would result from his acts.

**<u>Title 18, United States Code, Sections 2 and 844(f)(1)</u>**

**(Lower Bridge Creek Arson - Count 3)**

Defendants Steven Dwight Hammond and Dwight Lincoln Hammond are charged in Count 3 of the superseding indictment with intentionally and maliciously damaging and destroying, or attempting to damage and destroy, by means of fire, real and personal property owned or possessed by the United States, or any department or agency thereof, in violation of Title 18, United States Code, Sections 2 and 844(f)(1).

In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1)      that on or about August 22, 2006, the defendant, damaged or destroyed or attempted to damage or destroy, by means of fire;

2)      real or personal property owned or possessed by the United States, or any department or agency thereof, as described in Count 3 of the indictment; and

3)      the defendant acted intentionally, maliciously, or with deliberate disregard of the likelihood that damage or destruction would result from his acts.

## **Title 18, United States Code, Section 844(f)(1)**

### **(Krumbo Butte Arson - Count 5 - Steve Hammond only)**

Defendant Steven Dwight Hammond is charged in Count 5 of the superseding indictment with intentionally and maliciously damaging and destroying, or attempting to damage and destroy, by means of fire, real and personal property owned or possessed by the United States, or any department or agency thereof, in violation of Title 18, United States Code, Section 844(f)(1).

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1)      that on or about August 22, 2006, the defendant, damaged or destroyed or attempted to damage or destroy, by means of fire;

2)      real or personal property owned or possessed by the United States, or any department or agency thereof, as described in Count 5 of the indictment; and

3)      the defendant acted intentionally, maliciously, or with deliberate disregard of the likelihood that damage or destruction would result from his acts.

**Title 18, United States Code, Sections 2 and 844(f)(1) and (2)**

**(Grandad Arson - Count 7)**

Defendant Steven Dwight Hammond and Dwight Lincoln Hammond, Jr. are charged in Count 7 of the superseding indictment with intentionally and maliciously damaging and destroying, or attempting to damage and destroy, by means of fire, real and personal property owned or possessed by the United States, or any department or agency thereof; and

as a result of such conduct, directly and proximately created a substantial risk of injury to one or more persons as described in Count 7 of the indictment, in violation of Title 18, United States Code, Sections 2, 844(f)(1) and (2).

In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1)      that on or about August 23, 2006, the defendant, damaged or destroyed or attempted to damage or destroy, by means of fire;

2)      real or personal property owned or possessed by the United States, or any department or agency thereof, as described in Count 7 of the indictment; and

3)      the defendant acted intentionally, maliciously, or with deliberate disregard of the likelihood that damage or destruction would result from his acts.

If you find beyond a reasonable doubt that either defendant committed the offense charged in Count 7 of the superseding indictment, then you must answer the Supplemental Questions that I will provide to you.  In answering each of the Supplemental Questions, your decisions must be unanimous.

**DAMAGE AND DEPREDATION AGAINST UNITED STATES PROPERTY
IN EXCESS OF $1,000**

**Title 18, United States Code, Sections 2, 844(h)(1) and 1361**

**(Lower Bridge Creek Arson - Count 4)**

Defendants Steven Dwight Hammond and Dwight Lincoln Hammond, Jr. are charged in Count 4 of the superseding indictment with intentionally using fire to commit a felony which may be prosecuted in a court of the United States, that is the willful damage and depredation, or attempted damage and depredation in excess of $1,000, against property owned and possessed by the United States, or any department or agency thereof, in violation of Title 18, United States Code, Sections 2, 844(h)(1) and 1361.

In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about August 22, 2006, defendant used fire to commit a felony that may be prosecuted in federal court, that is: the willful damage and depredation against real and personal property;

Second, the property was owned and possessed by the United States and any department or agency(s) thereof; and

Third, the damage and depredation to the property exceeded $1,000.

**DAMAGE AND DEPREDATION AGAINST UNITED STATES PROPERTY**

**IN EXCESS OF $1,000**

**<u>Title 18, United States Code, Sections 844(h)(1) and 1361</u>**

**(Krumbo Butte Arson - Count 6 - Steve Hammond Only)**

Defendant Steven Dwight Hammond is charged in Count 6 of the superseding indictment with intentionally using fire to commit a felony which may be prosecuted in a court of the United States, that is the willful damage and depredation, or attempted damage and depredation in excess of $1,000, against property owned and possessed by the United States, or any department or agency thereof, in violation of Title 18, United States Code, Sections 844(h)(1) and 1361.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about August 22, 2006, the defendant, by use of fire, damaged or caused depredation, or attempted to cause damage or depredation against real or personal property;

Second, the real or personal property was owned or possessed by the United States, or any department or agency thereof as described in the Count 6 of the superseding indictment; and

Third, the damage or depredation to the property exceeded $1,000.

**DAMAGE AND DEPREDATION AGAINST UNITED STATES PROPERTY**

**IN EXCESS OF $1,000**

<u>**Title 18, United States Code, Sections 2, 844(h)(1) and 1361**</u>

**(Grandad Arson - Count 8)**

Defendants Steven Dwight Hammond and Dwight Lincoln Hammond, Jr. are charged in Count 8 of the superseding indictment with intentionally using fire to commit a felony which may be prosecuted in a court of the United States, *i.e.* the willful damage and depredation, or attempted damage and depredation in excess of $1,000, against property owned and possessed by the United States, or any department or agency thereof, in violation of Title 18, United States Code, Sections 2, 844(h)(1) and 1361.

In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about August 23, 2006, the defendant, by use of fire, damaged or caused depredation, or attempted to cause damage or depredation against real or personal property;

Second, the real or personal property was owned or possessed by the United States, or any department or agency thereof as described in the Count 8 of the superseding indictment; and

Third, the damage or depredation to the property exceeded $1,000.

If you find beyond a reasonable doubt that either defendant committed the offense charged in Count 8 of the superseding indictment, then you must answer the Supplemental Questions that I will provide to you.  In answering each of the Supplemental Questions, your decisions must be unanimous

**OBSTRUCTION OF JUSTICE - WITNESS TAMPERING -- HINDERING COMMUNICATION THROUGH INTIMIDATION, THREATS OR CORRUPT PERSUASION**

**Title 18, United States Code, Section 1512(b)(3)**

Count 9 of the superseding indictment charges defendant Steven Dwight Hammond with tampering with a witness in violation of Title 18, United States Code, Section 1512(b)(3).

In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First: That defendant Steven Dwight Hammond knowingly used intimidation or threatened or corruptly persuaded Joe Glascock, or attempted to do so;

Second: That defendant Steven Dwight Hammond acted with intent to hinder, delay or prevent Joe Glascock from communicating to a federal law enforcement officer, information relating to the commission or possible commission of the offense charged in Count 7 of the superseding indictment;

Third: That the offense was a federal offense.

Fourth: That defendant Steven Dwight Hammond believed that Joe Glascock might communicate with federal authorities. However, the government does not need to prove that an official proceeding was actually pending or about to be instituted at the time of the alleged offense.

If you find beyond a reasonable doubt that the defendant committed the offense charged in Count 9 of the superseding indictment, then you must answer the Supplemental Question(s) that I will provide to you.  In answering the Supplemental Question(s), your decisions must be unanimous.

## CORRUPTLY PERSUADE - DEFINED

To "corruptly persuade" means to corrupt another person by persuading that person to violate a legal duty, to accomplish an unlawful end or unlawful result, or to accomplish some otherwise lawful end or lawful result in an unlawful manner.

### **Comment**

The government is not required to prove that the defendant succeeded in the effort to tamper with the witness; the government need not prove that the witness changed or withheld his or her testimony. *United States v. Davis*, 183 F.3d 231, 250 (3d Cir. 1999). If there is a question as to whether the defendant's effort to tamper with the witness was successful, the court may want to instruct the jury that success is not a prerequisite to conviction and that what the government must prove beyond a reasonable doubt is that the defendant acted with intent to influence a witness' testimony. If the defendant is prosecuted for attempt, the court may want to give Attempt Instruction.

**INTIMIDATION - DEFINED**

The term "intimidation" as used in these instructions means the use of any words or any actions that would harass, frighten or threaten a reasonable, ordinary person to do something that person would not otherwise do, or not to do something that the person otherwise would do.

The term "intimidation" as used in these instructions means the use of any words or actions intended or designed to make another person timid or fearful or make that person refrain from doing something the person would otherwise do, or do something that person would otherwise not do.

## INTERSTATE COMMERCE - DEFINED

"Interstate commerce" means commerce or business between any place in one state, but passing through any place outside that state.

*United States v. Pappadopoulos*, 64 F.3d 522 (9th Cir. 1995).

# "INTENTIONALLY AND MALICIOUSLY" - DEFINED

As used in these instructions, the term "intentionally and maliciously" means either to knowingly set fire to, or knowingly burn real and personal property, deliberately, or "on purpose," or to act with the knowledge that burning such property is practically certain to result.

Federal Jury Practice and Instructions, 23:05 "Intentionally and maliciously" - Defined (modified)

In analyzing the mens rea requirement of the arson statute courts must look to common law. *U.S. v. Doe*, 136 F.3d 631, 634 (9th Cir. 1998), cert. denied, 526 U.S. 1041, 119 S. Ct. 1338, 143 L. Ed. 2d 502 (1999).

At common law, therefore, arson did not require proof of an intent to burn down a building, or of knowledge this would be the probable consequence of the defendant's act. The elements of willfulness and maliciousness are established by proof that the defendant set the fire intentionally and without justification or lawful excuse …. Given the uniform construction at common law of the "willful and malicious" element, and the absence of evidence to the contrary, we must assume that Congress knew how the common law defined that phrase and intended to adopt that definition in enacting § 81. *Doe*, 136 F.3d at 635–636.

It was not plain error to use the words "unlawfully" and "intentionally" instead of the precise terms "willfully" and "maliciously" in a prosecution under this Section. *U.S. v. Bedonie*, 913 F.2d 782, 791 (10th Cir. 1990), *cert. denied*, 501 U.S. 1253, 111 S. Ct. 2895, 115 L. Ed. 2d 1059 (1991).

"Willfully and maliciously" includes acts done with the knowledge that burning of a building is the practically certain result: "A person acts knowingly with respect to a material element of an offense when … if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result." *U.S. v. M.W.*, 890 F.2d 239, 241 (10th Cir. 1989) (citing *Model Penal Code* 2.02(2)(b)(ii)).

**MALICIOUSLY - DEFINED**

The term "maliciously" means the defendant acted intentionally or with willful disregard of the likelihood that damage or injury would result from his acts.

*United States v. Gullett*, 75 F.3d 941, 948 (4th Cir. 1996).