S. AMANDA MARSHALL, OSB #953473
United States Attorney
District of Oregon
FRANK R. PAPAGNI, JR., OSB #762788
ANNEMARIE SGARLATA, OSB #065061
Assistant United States Attorneys
405 E. 8th Ave., Suite 2400
Eugene, OR  97401
Telephone:  (541) 465-6771
Facsimile:   (541) 465-6917
frank.papagni@usdoj.gov
annemarie.sgarlata@usdoj.gov
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:10-CR-60066-HO |
| v. | UNITED STATES' REQUESTED *VOIR DIRE* |
| STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR., | |
| Defendants. | |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, and Assistant United States Attorneys Frank R. Papagni, Jr. and AnneMarie Sgarlata, hereby requests, pursuant to Federal Rule of Criminal Procedure 24(a), that the Court include the following questions in its examination of prospective jurors, in addition to the standard questions going to their background.  It is also requested that leave be granted to orally tender supplemental questions as may be necessitated by the answers of prospective jurors to the *voir dire* questions.

1. Have you or any members of your family or close friends ever been arrested for, charged with, or convicted of a crime? If so, please describe the circumstances.

2. Have you or any of your family or close friends ever been the victim of a crime? If so, please describe the circumstances.

2. Do you now, or have you ever had any claim against the government or any branch or agency of the government, including the Department of the Interior, Bureau of Land Management? If so, state the nature of the claim, when it was filed, and the disposition of the claim. Would such a claim affect, in any way, your ability to give either side a fair and impartial trial?

3. Has the government or any branch or agency of the government, including the Department of Interior, Bureau of Land Management, ever filed any claim or suit against you or any member of your family or any business or concern owned in whole or in part by you or any member of your family? If so, state the nature of the claim or suit, when it was filed and the disposition of the matter. Would such a claim or suit by the government in any way affect your ability to give either a fair and impartial trial?

4. Do you now have, or have you ever had a grazing permit with a government agency, including the Department of the Interior, Bureau of Land Management? If so, state the nature of the permit, the length of time you held the permit and any circumstances, positive or negative, regarding the use of the permit.

5. Have you or any members of your family, or your close friends, ever owned cattle to sell for profit or grazed cattle on land you owned or owned by others for profit? If so, state the nature of the circumstances regarding your ownership and/or your involvement with grazing cattle for profit.

6. Have you ever had a dispute over property with a neighbor? If so, please discuss the nature and resolution, if any to the dispute.

**UNITED STATES' PROPOSED VOIR DIRE**                                                                **PAGE 2**

7.  Do you, or any of your relatives or close friends, know the defendants or anyone in their family?

8.  The following people may be called as witnesses in this case. Please raise your hand if you believe that your relatives or close friends know any of the following witnesses. [incorporate CRs 89 and 91].

9.  To what extent, if any, have you read or heard any publicity or news relating to this trial, or to the government agencies involved generally? Is there anything in particular that you have read or heard that has caused you to form an opinion as to the guilt or innocence of the defendant, or that might influence your deliberations because the Department of Interior, Bureau of Land Management, and U.S. Fish & Wildlife Service are involved in this case?

10. Do any of you have any personal knowledge of the facts of this case other than what you have heard in this courtroom?

11. Have any of you served on a federal or state jury before?

    a.  If so, in what court?

    b.  was it a criminal or civil matter?

    c.  were you able to reach a verdict in the case?

    d.  Did that experience leave you with any impressions, positive or negative, about the justice system? If so, please explain.

    e.  Did anything occur during your prior jury service that would cause you not to want to sit on another jury? If so, please explain.

12. Have you, your relatives, or any of your close friends ever been the subject of a federal investigation? If so:

    a.  When?

      b.      Was the matter resolved to your satisfaction?

      c.      Were you treated fairly and courteously by government employees?

      d.      Do you hold any grudges against the government or its employees?

13.     Some of the witnesses in this case may be law enforcement agents or employees. Do any of you have any feelings which might tend to make you favor or disfavor these witnesses, or give any more or less credibility to their testimony?

14.     Do any of you have any philosophical or religious beliefs that might prevent you from judging the evidence and deciding a person's guilt or innocence?

15.     Would any of you be willing to disobey the judge's instructions of law if they are different from your own understanding of what the law is or what it should be?

16.     The presumption of innocence follows the defendants throughout the trial. The only way this presumption of innocence can be overcome is when you find that the evidence presented by the government proves the defendant is guilty beyond a reasonable doubt. However, the law does not require the government to prove its case beyond all doubt because the human mind always can conceive of some doubt as to any proposition:

      a.      Is there anyone here who would find the defendant "not guilty," regardless of what the evidence may show, merely because there is a "presumption of innocence?"

      b.      Would any of you have any hesitancy in finding the defendant guilty of the offenses charged in the indictment if the government proved the defendant guilty beyond a reasonable doubt?

      c.      Would any of you require the government to prove its case beyond all doubt before you would vote for a verdict of guilty?

17.     This is a criminal trial. Your duty, as jurors, will be to determine the guilt or innocence of the defendant based on the evidence admitted at trial. It is my duty, as judge, to determine what punishment may be imposed, if any, in the event of a guilty verdict. The law does not permit you to consider the issue of punishment because there are factors, having nothing to do with this trial, which will determine leniency or harshness. Would the possibility of the defendant being sentenced to a period of imprisonment affect your ability to render a fair verdict?

18.     In this case, the government must prove that the acted intentionally, maliciously, or with deliberate disregard of the likelihood that damage or destruction would result from thier acts. It also must prove that defendants willfully committed certain acts, and that defendants conspired to do those things. Since a defendant's intent is a state of mind, the government will be required to rely, in part, on circumstantial evidence, as the government cannot look into the mind of a defendants to see their intent. Therefore, the government will ask you to find the intent of the defendants from all of the surrounding facts and circumstances presented at trial. Do you have any hesitancy in basing your verdict--whether "guilty" or "not guilty"--upon circumstantial evidence?

19.     Can any of you think of any reason, of any nature, that, if you were chosen to sit on this jury, might prevent you from being able to render a fair and impartial verdict based solely on the evidence and the law as the court will instruct at the conclusion of this case?

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

20.     Will you follow the instructions of law that the court will give you at the close of the case regardless of whether you agree with these instructions?

Respectfully submitted this 24th day of May 2012.

                                      Respectfully submitted,

                                      S. AMANDA MARSHALL
                                      United States Attorney

                                      */s/ Frank R. Papagni, Jr.*
                                      FRANK R. PAPAGNI, JR.
                                      Assistant United States Attorney

                                      /s/ *AnneMarie Sgarlata*
                                      ANNEMARIE SGARLATA
                                      Assistant United States Attorney