FILED 21 JUN '12 16:37 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | ) | No. 6:10-cr-60066-HO |
| | ) | |
| Plaintiff, | ) | JURY INSTRUCTIONS |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN DWIGHT HAMMOND, and DWIGHT | ) | |
| LINCOLN HAMMOND, JR., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Members of the jury, now that you have heard the evidence, it is my

duty to instruct you on the law that applies to this case.

It is your duty to weigh the evidence received in the case and, in that

process, to decide the facts. It is also your duty to apply the law as I give it

to you, whether you agree with the it or not. You must decide the case

solely on the evidence and the law and must not be influenced by personal likes or dislikes, opinions, prejudices, or sympathy.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

The superseding indictment in this case charges the defendants with eight counts involving conspiracy to use fire to damage or destroy property of the United States and property used in interstate commerce, as well as use of fire to damage or destroy property of the United States, and use of fire to damage or destroy property of the United States and create a substantial risk of injury to a person. The superseding indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the government proves every element of a charge beyond a reasonable doubt. In addition, the defendants do not have to testify or present any evidence to prove innocence.

The government has the burden of proving every element of the charges by proof beyond a reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced a defendant is guilty. It is not required that the government prove guilt beyond all possible doubt, but the burden is always on the government to prove guilt beyond a reasonable doubt.

A reasonable doubt is a doubt based upon reason and common sense and not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant guilty.

You are here only to determine whether the defendants are guilty or not guilty of the charges in the superseding indictment. The defendants are

not on trial for any conduct or offense not charged in the superseding indictment.

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

The evidence you are to consider in deciding the facts consists of the sworn testimony of the witnesses,  the exhibits received in evidence, and any facts to which the parties have agreed.

The parties have agreed to certain facts that have been stated to you. You should treat these facts as having been proved.

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding the facts:

First, questions, including hypothetical questions and arguments by lawyers are not evidence. The lawyers are not witnesses. Although you may consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory controls.

Second, any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

Third, anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, the proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

the witness's opportunity and ability to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case;

the witness's bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

If a witness knowingly testifies falsely concerning any important or material matter, you may distrust the testimony of that person concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you think it deserves.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how

believable the witnesses were, and how much weight you think their testimony deserves.

You have heard evidence that a photo of each defendant was shown to one or more of the government's witnesses. You may consider this evidence only for identification purposes and not for any other purpose. Because the government obtains photos of many people from many different sources and for many different purposes, you must not infer a defendant committed this or any other crime from the fact that the government obtained and displayed a defendant's photo.

You have heard evidence that defendants committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, absence of accident and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

You have heard testimony that defendants made statements. It is for you to decide whether a defendant made the statement, and if so, how much

weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which a defendant may have made it.

The testimony of a law enforcement officer is to be treated by you in the same manner as that of any other witnesses. All witnesses who appeared in the court swore to tell the truth. Law enforcement officers did no more and no less.

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.  Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that a defendant did not testify.

During the trial, certain charts and summaries were shown to you in order to help explain the evidence. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard them and determine the facts from the underlying evidence.

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

The defendants are charged in count one of the superseding indictment with conspiring to commit violations of Sections 844(m) and 844(n) of Title 18 of the United States Code. In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than September 9, 1999, and ending on or about August 24, 2006, there was an agreement between two or more

persons to: (1) by means of fire(s), intentionally and maliciously damage and destroy, or attempt to damage and destroy, vehicles and real or personal property, in whole or in part, owned or possessed by, or leased to, the United States or any department or agency thereof and creating a substantial risk of injury to people; (2) by use of fire(s), commit a felony which may be prosecuted in a court of the United States, i.e., the willful damage and depredation or attempted damage and depredation in excess of $l,000, against property owned and possessed by the United States or any department or agency thereof; and (3) by means of fire(s), intentionally and maliciously damage and destroy, or attempt to damage and destroy, real or personal property used in interstate commerce or in any activity affecting interstate commerce; and

Second, each defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is

the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the

conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant or other conspirators in the overall scheme, a defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) a defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) a defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) a defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

The defendants are charged in count two of the superseding indictment with maliciously damaging or destroying, or attempting to damage or destroy, by means of fire, personal or real property in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof, or aiding and abetting such acts, in violation of Section 844(f)(1) of Title 18 of the United States Code. In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to each defendant:

First, on or about September 30, 2001, defendant, or a person defendant aided and abetted, damaged or destroyed, or attempted to damage

and destroy, by means of fire, real or personal property of the United States located in the Hardie-Hammond grazing allotment area; and

Second, defendant acted intentionally and maliciously.

The defendants are charged in count three of the superseding indictment with maliciously damaging or destroying, or attempting to damage or destroy, by means of fire, personal or real property in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof, or aiding and abetting such acts, in violation of Section 844(f)(1) of Title 18 of the United States Code. In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to each defendant:

First, on or about August 22, 2006, defendant, or a person defendant aided and abetted, damaged or destroyed, or attempted to damage and destroy, by means of fire, real or personal property of the United States located in the Lower Bridge Creek area; and

Second, defendant acted intentionally and maliciously.

The defendants are charged in count four of the superseding indictment with use of fire to commit the willful depredation or attempted depredation in excess of $1,000, of property of the United States, or of any department or agency thereof, or aiding and abetting such depredation, in violation of Sections 844(h)(1) and 1361 of Title 18 of the United States Code. In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to each defendant:

First, on or about August 22, 2006, defendant, or a person defendant aided and abetted, used fire to willfully damage real or personal property located in the Lower Bridge Creek area;

Second, the United States, or any department or agency thereof, owned the property; and

Third, the damage to the property exceeded $1,000.

Defendant Steven Hammond is charged in count five of the superseding indictment with maliciously damaging or destroying, or attempting to damage or destroy, by means of fire, personal or real property

in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof, or aiding and abetting such acts, in violation of Section 844(f)(1) of Title 18 of the United States Code. In order for defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about August 22, 2006, defendant Steven Hammond, or a person defendant aided and abetted, damaged or destroyed, or attempted to damage and destroy, by means of fire, real or personal property of the United States located in the Krumbo Butte area; and

Second, defendant Steven Hammond acted intentionally and maliciously.

Defendant Steven Hammond is charged in count six of the superseding indictment with use of fire to commit the willful depredation or attempted depredation in excess of $1,000, of property of the United States, or of any department or agency thereof, or aiding and abetting such depredation, in violation of Sections 844(h)(1) and 1361 of Title 18 of the United States Code. In order for defendant Steven Hammond to be found

guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about August 22, 2006, defendant Steven Hammond, or a person defendant aided and abetted, used fire to willfully damage real or personal property located in the Krumbo Butte area;

Second, the United States, or any department or agency thereof, owned the property; and

Third, the damage to the property exceeded $1,000.

Defendants are charged in count seven of the superseding indictment with maliciously damaging or destroying, or attempting to damage or destroy, by means of fire, personal or real property in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof, or aiding and abetting such acts, in violation of Section 844(f)(1) of Title 18 of the United States Code. Moreover, defendants are charged with creating a substantial risk of injury to one or more persons, as a result of such conduct, in violation of Section 844(f)(2) of Title 18 of the United States Code. In order for each defendant to be found guilty of this

charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about August 23, 2006, defendant, or a person defendant aided and abetted, damaged or destroyed, or attempted to damage and destroy, by means of fire, real or personal property of the United States located in the Bridge Creek Road area; and

Second, defendant acted intentionally and maliciously.

If you find, beyond a reasonable doubt, that defendant committed these elements constituting a violation of Section 844(f)(1), then you must determine whether such conduct created or proximately caused a substantial risk of injury to a person, beyond a reasonable doubt, with all of you unanimously agreeing on the identity of the person. Proximate cause is established when a party could reasonably foresee that his conduct would result in injury.

The defendants are charged in count eight of the superseding indictment with use of fire to commit the willful depredation or attempted depredation in excess of $1,000, of property of the United States, or of any

department or agency thereof, or aiding and abetting such depredation, in violation of Sections 844(h)(1) and 1361 of Title 18 of the United States Code. In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to each defendant:

First, on or about August 23, 2006, defendant, or a person defendant aided and abetted, used fire to willfully damage real or personal property located in the Bridge Creek Road area;

Second, the United States, or any department or agency thereof, owned the property; and

Third, the damage to the property exceeded $1,000.

A defendant may be found guilty of the crimes charged in counts two through eight of the superseding indictment, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime(s) charged was/were committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime charged; and

Third, the defendant acted before the crime was completed. It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the specific crime charged.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Defendants are also charged in the superseding indictment with attempting to commit the crimes charged in counts 2, 3, 4, 7, and 8 and defendant Steven Hammond is charged with attempting to commit the crime charged in counts 5 and 6. In order for a defendant to be found guilty

of each charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to commit the elements noted above with respect to the counts in which attempt is charged; and

Second, the defendant did something that was a substantial step toward committing the crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

An act is done knowingly if a defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that a defendant knew that his acts were unlawful. You may consider evidence of a defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

As used in these instructions, the term "intentionally and maliciously" means to act deliberately, or on purpose, with the willful disregard of the likelihood that damage will result, without justification or lawful excuse.

"Interstate commerce" means business activity between any place in one state and passing through any place outside that state.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

When you begin your deliberations, elect one member of the jury as your presiding juror, who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict on each count as to each defendant, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

The punishment provided by law for these crimes is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete

the verdict form according to your deliberations, sign and date it, and

advise the clerk that you are ready to return to the courtroom.