1                  IN THE UNITED STATES DISTRICT COURT

2                      FOR THE DISTRICT OF OREGON

3   UNITED STATES OF AMERICA,          )
                                       )
4                    Plaintiff,        )
                                       )
5      v.                              )   6:10-cr-60066-HO-1-2
                                       )
6   STEVEN DWIGHT HAMMOND,             )
    DWIGHT LINCOLN HAMMOND, JR.,       )
7                                      )
                     Defendants.       )
8

9           TRANSCRIPT EXCERPT OF TRIAL PROCEEDINGS

10         BEFORE THE HONORABLE MICHAEL R. HOGAN

11     UNITED STATES DISTRICT COURT JUDGE, AND A JURY

12              THURSDAY, JUNE 21, 2012

13                  PENDLETON, OREGON

14        DAY 8 EVENING SESSION - VERDICT

15                      -:-

16

17

18

19

20

21

22

23          Deborah Wilhelm, CSR, RPR
                 Court Reporter
24             P.O. Box 1504
             Eugene, OR  97440
25             (541) 431-4113



GOVERNMENT
EXHIBIT
2
10-CR-60066

2

```
 1                    APPEARANCES OF COUNSEL

 2    FOR THE PLAINTIFF:      FRANK R. PAPAGNI, JR.
                             ANNEMARIE SGARLATA
 3                           United States Attorney's Office
                             405 E. 8th Avenue
 4                           Suite 2400
                             Eugene, OR  97401
 5                           (541) 465-6771

 6    FOR THE DEFENDANT:      LAWRENCE H. MATASAR
      (Steven D. Hammond)    Lawrence Matasar, P.C.
 7                           621 S.W. Morrison Street
                             Suite 1025
 8                           Portland, OR  97205
                             (503) 222-9830
 9
                             W. ALAN SCHROEDER
10                           Schroeder & Lezamiz Law Offices
                             447 West Myrtle Street
11                           Boise, ID  83701-0267
                             (208) 384-1627
12

13    (Dwight L. Hammond)    MARC D. BLACKMAN
                             Ransom Blackman LLP
14                           1001 SW Fifth Avenue, Suite 1400
                             Portland, OR  97204
15                           (503) 228-0487

16

17

18

19

20

21

22

23

24

25
```

```
 1              (Thursday, June 21, 2012; 9:24 p.m.)

 2          (The jury is not present in the courtroom.)

 3                  P R O C E E D I N G S

 4          THE COURT:  We'll go on the record.  Counsel, I

 5    came into the courtroom not knowing all the lawyers

 6    weren't here, but there's been nothing -- nothing

 7    happened since I've been here.

 8          I have a note from the jury.  This is 9:04 p.m.

 9    I think that was actually written by Ms. Wright.  I

10    instruct her to keep times for the notes.

11          The note says, "Counts 1, 7, 8, we cannot come

12    to a unanimous decision.  These counts are tied

13    together.  We have discussed this for the last several

14    hours and can't agree."

15          Now, Mr. Baker, come here.  I'm going to hand

16    this down so you can all look at it.  I want you to talk

17    about it and tell me what your thoughts are.

18          I'll say we've gone on the record at 9:24.

19          (Discussion held off the record.)

20          MR. BLACKMAN:  Your Honor, is the court -- let

21    me say, I'm exhausted and I don't think I've been

22    working as hard as the jury for the last six hours.  I

23    would not want to have the jury asked to continue to

24    deliberate this evening, whatever.  I just think they

25    may well be losing the kind of acuity that is essential
```

1    to deliberations.

2            Is the court willing to consider taking a

3    partial verdict tonight and sending them home and let --

4    see what happens?

5            The partial verdict might give us some

6    insight -- I don't know -- into whether it would make

7    sense to have them continue to deliberate or not.  I

8    just don't think it's appropriate to have them stay past

9    9:30.

10           THE COURT:  Well, there are two questions

11   involved in this.  One is how long they work.  And,

12   frankly, some of these people are from a very long ways

13   away.  And I'm going to give them some discretion in

14   that.  That's ordinarily what I would do.  And ask them

15   if -- that's the question, whether they would like to

16   work more tonight.

17           There is a separate question there.  Do we take

18   a partial verdict?  Do the lawyers agree that a verdict

19   on these counts is enough for this case?

20           And on those questions, I probably will not do

21   something that the lawyers disagree about.  Because I

22   think once a jury is out, we need to treat that as

23   precious in a sense.  And if we agree that we will

24   accept a partial verdict or a verdict on certain counts,

25   that's fine and -- but I want agreement on that.

1          And with regard to the time, that's, to me, a

2     separate question.  I've had verdicts (sic) who want to

3     work later when they've come from distances.  And we

4     have one juror here who has driven 180 miles everyday

5     for this; and another one, 97; another one, 89; another

6     50, and lesser amounts.  And I will give them some

7     discretion about that.  They are here practically as

8     volunteers.  And I think they get some say about that.

9     I know how to ask them about that.  I can do it.

10          What I am more interested in -- of course,

11     we're all -- we've all put in a long week and a half.

12     What I'm more interested in is whether you want to take

13     what they have or not, or whether you want me to tell

14     them to keep working, what your agreement is there, if

15     you have an agreement.

16          MR. MATASAR:  Your Honor, could I ask if the

17     government -- if the government would consider a partial

18     verdict, we will discuss it with our clients.  I guess

19     that's probably the best way to proceed.  If they would

20     not, then we don't have to have that difficult

21     discussion.

22          THE COURT:  That's one way of proceeding.  And

23     what I suggest in that regard is the lawyers go talk for

24     a minute or two.

25          MR. MATASAR:  Okay.

1          THE COURT:  To see whether -- without putting

2    yourself on the record and making public statements, you

3    have some ideas about that.  All right?

4          MR. PAPAGNI:  Has the court received the note

5    back?

6          THE COURT:  I haven't received the note back.

7          MR. BLACKMAN:  It's here on the ELMO.  It's not

8    functioning as of now.

9          THE COURT:  I'm sorry, I thought, Mr. Papagni,

10   it'd been given to you also.

11         MR. PAPAGNI:  I have seen it for a second.  I

12   just want to review it one more time.  Thank you.

13         MR. MATASAR:  Do you want to go into our

14   office?

15         MR. PAPAGNI:  Sure.

16         THE COURT:  I'll just wait here for you.

17         (Recess:  9:33 until 9:43 p.m.)

18         MR. PAPAGNI:  Please the court --

19         THE COURT:  Just a moment.  I've done some

20   research on the law on this.  If you want to hear it,

21   I'd be happy to give it to you.  Then if you have some

22   thoughts, fine.

23         MR. PAPAGNI:  All I can tell you is that the

24   parties cannot agree on whether a partial verdict is

25   appropriate.

1          The suggestion is that the court inquire if

2    they can continue deliberating or if they want to come

3    back tomorrow.

4          THE COURT:  And do you have something to say?

5          MR. BLACKMAN:  (Shaking head.)

6          THE COURT:  All right.  The situation is -- the

7    standard here is abuse of discretion.  There was a case

8    last year in the Ninth Circuit where a partial verdict

9    was taken with less than two hours deliberation and

10   there was no indication the jury was deadlocked with

11   respect to anything.

12         There is a little earlier case that was cited

13   there that says the appropriate thing is to bring the

14   jury in for the court to question the presiding -- they

15   use the term foreman, but I use the term presiding

16   juror, as to their deliberations.

17         And this jury has been out six hours, according

18   to my notes.  And so what I would intend to do at this

19   time is to bring them in, question them in that regard

20   with a few short questions, ask them to go back to the

21   jury room, and tell me whether they would like to

22   continue or come back another day, whether it's tomorrow

23   or Monday, and to tell me in the form of a note.

24         If they want to work tonight, I will tell them

25   that I would expect to try for at least a couple more

1    hours.

2         Now, I'd like to have your response,

3    reflections on that.

4         MR. MATASAR:  Your Honor, I can only say that I

5    think we all would much prefer tomorrow to Monday.

6         Beyond that, I think we're -- I don't think

7    there is anything else for us to say.  We're agreed.

8         MR. BLACKMAN:  The case that you were referring

9    to, the court took a partial verdict and discharged the

10   jury, is that what happened?

11        THE COURT:  Yes.

12        MR. BLACKMAN:  I see.

13        THE COURT:  And the case with less than two

14   hours and no indication the jury was deadlocked in

15   anything.  The Court of Appeals, Judges Alarcón,

16   O'Scannlain, and Silverman, said that was abuse of

17   discretion.

18        A case from 1980, which they cited, where the

19   judges were Judge Peck, Anderson and Pregerson.  Then --

20   that was not the result, but this is a case where the

21   judge brought the jurors in, they deliberated eight

22   hours and then asked them questions such as:  Does it

23   appear that you would likely arrive at a verdict as to

24   any of the remaining counts in this case?  And what do

25   you think the possibility is that your current deadlock

1    could be overcome by further deliberations?

2             MR. MATASAR:  Well, we very much don't want a

3    partial verdict with the government's ability to retry

4    the case.  So given their position, we would take the

5    next best alternative.  We request -- would be to

6    continue deliberation and not take a partial verdict.

7             MR. BLACKMAN:  After you've made appropriate

8    inquiries.

9             MR. MATASAR:  After you've made appropriate

10   inquiries.

11            THE COURT:  All right.  Mr. Papagni?

12            MR. PAPAGNI:  The court has suggested a course

13   of action that is acceptable to the government.

14            THE COURT:  All right.  Please seat the jury.

15            (Jury enters the courtroom at 9:50 p.m.)

16            THE COURT:  Members of the jury, I have

17   received -- first, it's 9:50.

18            I've received your note which says, "Counts 1,

19   7, 8, we cannot come to an unanimous decision.  These

20   counts are tied together.  We've discussed this for the

21   last several hours and can't agree."

22            Now, there are some questions I need to ask

23   you, which I will ask through your presiding juror and

24   then decide what our next step is.

25            So who is the presiding juror, please.

```
1              JUROR SIX:   (Indicating.)

2              THE COURT:   Mr. M///////, you are the presiding

3    juror?

4              JUROR SIX:   Yes, sir.

5              THE COURT:   These are my questions for you:  As

6    you evaluate the situation, sir, does it appear that you

7    would likely arrive at a verdict as to any of the

8    remaining counts?

9              JUROR SIX:   No.

10             THE COURT:   What do you think is the

11   possibility that your current deadlock on those counts

12   could be overcome by further deliberations?

13             JUROR SIX:   No, it would not.

14             THE COURT:   All right.  Now, I'm going to need

15   to talk to the lawyers some, but I do have this for you.

16   If I decide that -- it's sort of a separate question.

17   We've all worked hard and I understand that.  And some

18   of you are from a long ways away, and I want to honor

19   your feelings in this regard also.  I'll have to make

20   the decision, but it's something I'm -- a question I'm

21   going to send you back with.

22             If I decide that you should work some

23   additional time on these remaining counts, I would like

24   your reflection on whether you would like to put some

25   additional time in this evening or whether it would be
```

1    tomorrow morning or Monday morning.  And I'm not trying

2    to urge any of those.  I'm just saying that those are

3    possibilities if I were to decide that you should work a

4    couple more hours on this or whatever time you feel is

5    appropriate.

6          In that regard, as I told you earlier, it's

7    important that you discuss the case with your fellow

8    jurors to reach agreement if you can do so.  And I told

9    you on each of the questions your verdict must be

10   unanimous.

11         Each of you must decide the case for yourself,

12   but only after you've considered all the evidence and

13   discussed it fully with the other jurors and listened to

14   the views of your fellow jurors.

15         Don't be afraid to change your opinion if the

16   discussion persuades you that you should.  But do not

17   come to a decision simply because the other jurors think

18   it is right.

19         It's important that you attempt to reach

20   unanimous verdicts but, of course, only if each of you

21   can do so after having made your own conscientious

22   decision.

23         Don't change an honest belief about the weight

24   and effect of the evidence simply to reach a verdict.

25         Now, what I'd like you to do, please -- and I

1    don't really have any other questions for you,

2    Mr. M//////, if -- unless you have anything short and

3    succinct that you would like to tell me about whether

4    you think further deliberations would be helpful.

5           I'm going to send you back to the jury room, at

6    any rate, to find out -- if I decide that you should

7    work longer, whether -- when that happens and whether it

8    happens.  But is there anything else you can tell me,

9    not with a long speech, just in a few words about

10   whether you think further deliberations might be helpful

11   on the three counts which are identified?

12           JUROR SIX:  No, sir.

13           THE COURT:  All right.  Thank you.  I'll send

14   you back up to your home away from home.  And we'll be

15   talking soon.  All right.  Thank you.

16           (Jury exits the courtroom at 9:56 p.m.)

17           THE COURT:  Now, Counsel, another consideration

18   is this:  This Ninth Circuit case I'm looking at does

19   say this, and perhaps this could be helpful, that a

20   trial court in its discretion may accept a partial

21   verdict and send the jury back for deliberation on the

22   remaining counts.  Sort of the question of declaring a

23   mistrial on counts.

24           And the Ninth Circuit found that there is no

25   abuse of discretion in the District Court receiving a

1    partial verdict or, more accurately, in receiving a

2    complete verdict in separate segments.

3           So I'd like to have your input on that.

4    Whether you'd like to know what their verdict is on the

5    counts to which they've reached a verdict.

6           (Discussion held off the record.)

7           THE COURT:  I might tell you, Counsel, that

8    I -- while I'm interested in your input, I think it's

9    probably a decision within my discretion, according to

10   the law, but I'd be happy to hear your thoughts, please.

11          MR. MATASAR:  Your Honor, we're inclined to let

12   the court take the partial verdict.

13          THE COURT:  Mr. Blackman?

14          MR. BLACKMAN:  Yes, Your Honor.

15          THE COURT:  Mr. Papagni?

16          MR. PAPAGNI:  I'll defer to the court's

17   discretion.

18          THE COURT:  All right.  Please return -- ask

19   Ms. Wright to bring the jury back in with their verdict

20   forms.

21          (Jury enters the courtroom at 10:03 p.m.)

22          THE COURT:  I'll bet you never thought you'd

23   get so much exercise being on a jury.

24          Mr. M///////, would you please give your verdict

25   forms to Ms. Wright.

1    I've decided that I may accept a partial

2    verdict in the case.

3    All right.  Mr. M///////, on the verdict form

4    concerning Mr. Dwight Hammond, on count 3, I'm unsure

5    which space you are marking.  I'd like you to re-mark

6    that so it's quite clear to me.

7    (Document tendered.)

8    THE COURT:  Now, Counsel, ordinarily -- I'm

9    sorry, I'm still not sure.  I would like you to circle

10    the answer that is your answer on that count, please.

11    (Document tendered.)

12    THE COURT:  Thank you, sir.  All right.

13    Counsel, ordinarily, I would ask the clerk to read

14    these, but in this case, given that it's kind of my

15    first time in almost 39 years I've had this situation, I

16    think I'll do it myself.

17    I'm looking at the verdict form for Mr. Dwight

18    Lincoln Hammond, Junior.  And the counts for which we

19    have verdicts are as follows:  Count 2, guilty.

20    Count 3, not guilty.

21    Count 4, not guilty.

22    Count 5, guilty.

23    Count 6, not guilty.

24    And on Mr. Steven Dwight Hammond the verdicts I

25    have are:  Count 2, guilty.

1            Count 3, not guilty.

2            Count 4, not guilty.

3            Count 5, guilty.

4            Count 6, not guilty.

5            Now, members of the jury, I'm going to poll you

6    in that regard.

7            Ms. B////, are those your verdicts?

8            JUROR ONE:  Yes, sir.

9            THE COURT:  And Mr. J////////, are those your

10   verdicts?

11           JUROR TWO:  Yes, sir.

12           THE COURT:  And, Mr. M//////, are those your

13   verdicts?

14           JUROR THREE:  Yes, sir.

15           THE COURT:  And, Ms. C////////, are those your

16   verdicts?

17           JUROR FOUR:  Yes, sir.

18           THE COURT:  And, Mr. B///////, are those your

19   verdicts?

20           JUROR FIVE:  Yes, sir.

21           THE COURT:  And, Mr. M///////, are those your

22   verdicts?

23           JUROR SIX:  Yes, sir.

24           THE COURT:  And, Ms. G////////, are those your

25   verdicts?

```
 1              JUROR SEVEN:  Yes, sir.
 2              THE COURT:  And, Ms. W////, are those your
 3    verdicts?
 4              JUROR EIGHT:  Yes.
 5              THE COURT:  And, Mr. D/////, are those your
 6    verdicts?
 7              JUROR NINE:  Yes, sir.
 8              THE COURT:  And, Ms. G////////, are those your
 9    verdicts?
10              JUROR TEN:  Yes, sir.
11              THE COURT:  Thank you.  And, Mr. C/////, are
12    those your verdicts?
13              JUROR ELEVEN:  Yes, they are.
14              THE COURT:  And, Mr. L///, are those your
15    verdicts?
16              JUROR TWELVE:  Yes, sir.
17              THE COURT:  Thank you.  Now, members of the
18    jury, I may send -- I want you to go back, and for the
19    time being, continue working.  And I will send you clean
20    verdict forms that only include the verdicts which -- or
21    the counts, not to the verdicts, the counts for which
22    you do not have a verdict.  And I'll let you know my
23    decision about further deliberations as we go on.  All
24    right.  Thank you.
25              (Jury exits the courtroom at 10:10 p.m.)
```

1          THE COURT:  All right.  Counsel, from the

2    partial verdicts, they reveal that the jury has found

3    each defendant guilty on counts 2 and 5.  And Mr. Dwight

4    Hammond not guilty on counts 3, 4, and 6.  And

5    Mr. Steven Hammond not guilty on counts 3, 4, and 6.

6          All right.  I'd like you to go talk to each

7    other again.

8          (Counsel exit the courtroom at 10:12 p.m.)

9          DEFENDANT STEVEN HAMMOND:  Your Honor?

10          THE COURT:  Just a moment.  Do you want to go

11    talk to your lawyers?  I'm sorry.

12          DEFENDANT STEVEN HAMMOND:  Do I need to remain

13    seated?  Can I converse here?

14          THE COURT:  Can you talk to --

15          DEFENDANT STEVEN HAMMOND:  Family.

16          THE COURT:  Of course.

17          (Counsel enter the courtroom at 10:16 p.m.)

18          MR. PAPAGNI:  Mr. Blackman, I was just going to

19    tell the court we're discussing matters.  I think we'll

20    be a few moments, Judge.

21          THE COURT:  That's fine.  Take your time.

22          (Recess:  10:16 until 10:41 p.m.)

23          THE COURT:  Please bring the other lawyers into

24    the courtroom.

25          MR. PAPAGNI:  Judge, the partial verdicts that

1    you returned, I think there is some confusion as to what

2    counts apply to which defendant.  I think that

3    clarification might be helpful for counsel.

4              THE COURT:  All right.  Let me give it to you.

5    Actually, I'll just -- please hand these verdict forms

6    to the lawyers to look at.  Otherwise I'm getting ready

7    to take some action myself.

8              MR. BLACKMAN:  Does the court have a copy of

9    the superseding indictment?  I know I don't have my

10   copy.

11             THE COURT:  Yes.  In my trial book, there

12   should be.

13             MR. BLACKMAN:  I'm sorry?

14             THE COURT:  I'm just talking to Mr. Baker.  We

15   had the original -- we gave one to the jury.  I think

16   there is one in my trial book.

17             MR. PAPAGNI:  I would probably like one, too.

18   Apparently, among my materials --

19             THE COURT:  We've also researched that during

20   this time, too.  A copy is being printed now.

21             MR. MATASAR:  Your Honor, I'm not sure what the

22   government's inclination is now but I would think that

23   we might make more progress if we could have five

24   minutes in chambers or off the record.  I'm not sure if

25   that's appropriate, if the government would allow that

1    or not.  But we've been discussing a way to resolve this

2    matter.  It's complicated.  It's late.  I just think

3    that might help us, but I don't know.

4          MR. PAPAGNI:  Is the court willing to do that,

5    Your Honor?

6          THE COURT:  I am.

7          MR. PAPAGNI:  Then I am, too.

8          THE COURT:  Are the defendants willing to waive

9    their presence there?

10          DEFENDANT STEVEN HAMMOND:  Yes.

11          THE COURT:  Mr. Blackman?

12          MR. BLACKMAN:  Yes, Your Honor.

13          THE COURT:  Please come to chambers.

14          (Recess:  10:45 until 10:57 p.m.)

15          THE COURT:  Counsel, I'm uncomfortable with

16    this unless I bring the jury back and make sure.

17          MR. PAPAGNI:  The situation, Judge, I think

18    that all counsel agree is that the Steven Hammond

19    verdict form appears proper, but Mr. Dwight Hammond's

20    form, they checked number 7, count 7, as being guilty,

21    but they did not check any of the ignitions.  And,

22    therefore, in order for count 7 to be valid, they'd have

23    to check at least one ignition.

24          THE COURT:  And it may have been count 5.

25          MR. PAPAGNI:  That's what I'm thinking, but

1  count 5, unfortunately, he's not charged.

2          THE COURT:  I'd like the verdict forms and I'd

3  like the jury back, please.

4          MR. MATASAR:  Your Honor, did you hear we were

5  also saying that Dwight Hammond was not charged in

6  count 5?

7          THE COURT:  I understand that.

8          MR. MATASAR:  Okay.

9          MR. PAPAGNI:  Have we made any progress on the

10  other matter?

11          MR. MATASAR:  I'm not sure.

12          MR. PAPAGNI:  Long night.

13          THE COURT:  I see the problem.  I see the

14  problem.  All right.

15          MR. MATASAR:  What?

16          THE COURT:  I'll take care of it.

17          (Jury enters the courtroom at 11:00 p.m.)

18          THE COURT:  All right.  Mr. M///////, I have a

19  question about the verdict form.  And I read it -- I

20  should have caught this earlier and did not.  I

21  apologize.

22          In the Steven Dwight Hammond verdict form,

23  you've marked guilty on paragraph 2, which refers to

24  count 2.  And you've marked guilty on paragraph 5, which

25  refers to count 5.

1          And with regard to those counts, are those the

2     only counts to which you unanimously determined that

3     Mr. Steven Hammond is guilty?

4          I can pass your verdict form back to you, if

5     you would like.

6          JUROR SIX:  You are correct.

7          THE COURT:  That's correct?

8          JUROR SIX:  Yes, sir.

9          THE COURT:  Okay.  Now, as to Mr. Dwight

10    Lincoln Hammond, Junior, you've marked guilty as to

11    count 2 -- or paragraph 2, which refers to count 2.  Is

12    that a correct verdict, according to your unanimous

13    verdict?

14         JUROR SIX:  Guilty.

15         THE COURT:  Thank you.  And then you marked

16    guilty on paragraph 5, paragraph -- Mr. Dwight Hammond

17    is not charged in count 5.

18         JUROR SIX:  No.

19         THE COURT:  And this count refers to --

20    paragraph 5 refers to count 7.  And to go on, in

21    count 6, you've marked not guilty.

22         JUROR SIX:  That's correct, sir.

23         THE COURT:  And -- but you crossed it out and

24    then put your initials.

25         JUROR SIX:  That's correct.  I got the forms

1  mixed up, sir, and I had it as Steven Hammond and not

2  Dwight.

3          THE COURT:  Is your verdict not guilty on

4  paragraph 6, which refers to count 8, or were you trying

5  to mark out a verdict?

6          JUROR SIX:  I believe that's not guilty for

7  Mr. Dwight, sir.

8          THE COURT:  All right.  And then with regard to

9  paragraph 5, you've referred -- you've marked guilty --

10  well, you've marked it out and then put your initials.

11          JUROR SIX:  For Dwight Hammond, sir?

12          THE COURT:  Yes.

13          JUROR SIX:  Yes, sir.

14          THE COURT:  And was your intention that that be

15  guilty?

16          JUROR SIX:  No, sir.

17          THE COURT:  All right.  So I'm going to hand

18  this back to you.  And you help me interpret it, okay,

19  on paragraph 5.

20          JUROR SIX:  Would you like me to mark -- I

21  initialed where I made a mistake, sir.

22          THE COURT:  Yes.  I want you to your circle

23  your verdict on paragraph 5, if you have one.

24          JUROR SIX:  Yes, sir.

25          THE COURT:  All right.  And which did you

1    circle?

2            JUROR SIX:  Not guilty, sir.

3            THE COURT:  All right.  Thank you.  If you'd

4    return that to me.

5            Now, jurors, I can go through you individually

6    again, is there anyone who has any lack of understanding

7    about what just happened?  No?

8            So you have Mr. Dwight Hammond guilty as to one

9    count; and Mr. Steven Hammond guilty as to two counts;

10   and then you have some counts that you have not been

11   able to reach a verdict; is that correct?

12           (Jurors nodding.)

13           THE COURT:  Now, is there anyone -- please

14   speak up if there is anyone who is -- that is not the

15   situation?  All right.

16           Now, then, Mr. M///////, I have one more

17   question for you.  You've been -- since we were

18   together, you've been another hour and 20 minutes or a

19   little more together.  Have you made any progress on any

20   of the other counts?

21           JUROR SIX:  Yes, sir, we're attempting to.

22           THE COURT:  And do you think some additional

23   time would assist you?

24           JUROR SIX:  Yes, sir.

25           THE COURT:  And how much time do you think you

1    would need?  I know you can't tell for sure.

2              JUROR SIX:  Hour, hour and a half, two.

3              THE COURT:  Well, do -- you need to tell me

4    whether you think it would be helpful to take that or

5    whether -- I need to know from you whether you think

6    you're deadlocked or whether you think you are making

7    progress.

8              JUROR SIX:  I believe we're making progress.

9              THE COURT:  And would you rather continue

10   working now or would you rather come back another day?

11             JUROR SIX:  No.  Continue now.

12             THE COURT:  All right.  Thank you very much.  I

13   appreciate it.  Then head back to work.

14             If you get to the point you feel like you can't

15   make progress, please let me know.  Thank you.

16             (Jury exits the courtroom at 11:07 p.m.)

17             MR. BLACKMAN:  Your Honor?

18             THE COURT:  What I -- first, from that

19   discussion, it appears the only count on Mr. Dwight

20   Hammond the jury has not reached a verdict is count 1.

21             And on Mr. Steven Hammond, it appears the

22   counts they have not reached a verdict is count 1, 7,

23   and 8.

24             So do you have any input for the court?

25             MR. BLACKMAN:  Your Honor, I think we probably

1    need to confer with our clients again now that this

2    is --

3                THE COURT:  Clearer?

4                MR. BLACKMAN:  Clearer is not the word I would

5    use, but yes.

6                THE COURT:  Clearer.  All right.

7                (Recess:  11:08 until 11:22 p.m.)

8                THE COURT:  Gentlemen, be seated.

9                MR. PAPAGNI:  Your Honor, I believe we might

10   have reached an accommodation, if I can have

11   confirmation from defense counsel.  I believe the

12   understanding would be -- if I may, gentlemen?

13               MR. MATASAR:  Go ahead.

14               MR. PAPAGNI:  My understanding is that Dwight

15   Hammond -- Dwight Lincoln Hammond, Junior, and Steven

16   Hammond have agreed that they would waive their appeal

17   rights and accept the verdicts as they've been returned

18   thus far by the jury.

19               The government will agree to run any sentences

20   that apply to Steven Hammond, recommend that they run

21   concurrent.

22               And would agree that they should remain

23   released pending the court's sentencing decision.

24               And the government does have only one

25   recommendation as an additional condition.  The court,

1  of course, has discretion to impose.  That they need to

2  waive any and all appellate rights and 2255 rights,

3  except for, of course, ineffective assistance of

4  counsel, which, quite frankly, in this case I think

5  would be real difficult to prove.

6          I think that's a summary of our understanding.

7          MR. MATASAR:  Yes, Your Honor.  Mr. Steven

8  Hammond has indicated after these discussions with the

9  government that we want this case to be over.

10          The idea is there will be no further

11  proceedings beyond this court and will be done with at

12  the sentencing.  Mr. Steven Hammond has agreed to that.

13  He understands where we are.

14          THE COURT:  All right.  Mr. Hammond --

15          MR. MATASAR:  He wants it to be over.  He wants

16  this matter to be finished.

17          THE COURT:  Mr. Hammond, do you agree to that?

18          DEFENDANT STEVEN HAMMOND:  Yes.

19          THE COURT:  Do you have any other questions of

20  your lawyer before I accept that?

21          DEFENDANT STEVEN HAMMOND:  I accept that.

22          THE COURT:  Is that a voluntary decision on

23  your part?

24          DEFENDANT STEVEN HAMMOND:  Yeah.

25          THE COURT:  Thank you.

1          Mr. Blackman?

2          MR. BLACKMAN:  Yes, Your Honor.  I've conferred

3    with Dwight Hammond.  He is agreeable to waive his

4    appellate rights to bring this matter to a close.

5          And it's our understanding that this would be a

6    resolution of this case with the sentence the court

7    imposes.  And the parties would accept the -- your

8    judgment as to the sentence that's imposed.

9          THE COURT:  Mr. Dwight Hammond, is that your

10   agreement?

11         DEFENDANT DWIGHT HAMMOND:  Yes, it is.

12         THE COURT:  Is it a voluntary decision on your

13   part?

14         DEFENDANT DWIGHT HAMMOND:  Yes, it is.

15         THE COURT:  Do you have any questions of your

16   lawyer before -- or me before we accept that?

17         DEFENDANT DWIGHT HAMMOND:  I guess not.

18         THE COURT:  I accept the waivers.

19         The remaining counts are dismissed and -- the

20   ones for which we haven't had a verdict.

21         And I will notify you -- I don't have a deputy

22   clerk here.  I'll notify you of a sentencing date.  The

23   defendants will remain released on their own

24   recognizance and other conditions set by Pretrial

25   Services.

1          Now, Mr. Papagni, do you have something

2    further?

3          MR. PAPAGNI:  I have two matters.  I think the

4    court can deal with them summarily.  I want to make sure

5    the Hammonds understand that under the statute the

6    government is obligated to recommend a five-year

7    mandatory minimum term of imprisonment.

8          I think your lawyer has told you that, but I

9    wanted the record to reflect that you gentlemen have

10   been so warned what the sentence is going to be that I'm

11   going to be asking for.

12         The second matter, as the court I think is

13   aware, that one of the conditions of release when a

14   person is convicted of a felony, as they have been, is

15   that I am obligated to request that they no longer have

16   or possess firearms.  That's within the court's

17   discretion.  I think the statute is clear in that

18   regard.

19         THE COURT:  Thank you.  I decline the latter.

20   There has been no indication of any abuse of firearms.

21   And I won't restrict them in that regard.  Thank you.

22         The court is in recess.

23         (The proceedings were concluded at 11:26 p.m.)

24

25

CERTIFICATE

I, Deborah Wilhelm, Certified Shorthand Reporter for the State of Oregon, do hereby certify that I was present at and reported in machine shorthand the oral proceedings had in the above-entitled matter.  I hereby certify that the foregoing is a true and correct transcript, to the best of my skill and ability, dated this 22nd day of June, 2012.

/s/ Deborah Wilhelm
_____
Deborah Wilhelm, RPR
Certified Shorthand Reporter
Certificate No. 00-0363